EDWARD LARKIN, as Administrator of the Estate of
   IRENE LARKIN, Deceased, Respondent, v. THE NASSAU
   ELECTRIC RAILROAD COMPANY, Appellant.

Evidence — impeachment of witness by contradictory state-
ments made out of court — rules for, and methods of, impeach-
ment of witnesses.

1. Any statement of a witness made out of court, orally or in
writing, if contradictory of a material part of his testimony, may
be, if properly proven, introduced in evidence, not as substantive
proof of the truth of such statements, but as tending to discredit
him.

2. Rules as to preliminary inquiry from witness sought to be so
impeached and method of such impeachment by oral and written
evidence stated and authorities collated.

*Larkin* v. *Nassau Electric R. R. Co.*, 142 App. Div. 906, reversed.

(Argued March 1, 1912; decided April 12, 1912.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered January 12, 1911, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*D. A. Marsh* and *George D. Yeomans* for appellant.
The statement signed by plaintiff's witness James P.
Kelly, and admitted by him to have been prepared in his
presence and signed by him on the night of the accident,
was material and competent evidence bearing upon the
credibility of the witness, and its exclusion was error.
(*Hanlon* v. *Ehrich*, 80 App. Div. 359; 86 App. Div. 441;
178 N. Y. 474; *The Queen's Case*, 2 B. & B. 286, 288;
*Clapp* v. *Wilson*, 5 Denio, 285; *Honstine* v. *O'Donnell*, 5
Hun, 472; *Bellinger* v. *People*, 8 Wend. 595; *Romertze* v.
*E. R. Nat. Bank*, 49 N. Y. 577; *People* v. *Taylor*, 43
Hun, 419; *Root* v. *Borst*, 20 N. Y. Supp. 189; *Novo-*

*grucky* v. *B. H. R. R. Co.,* 125 App. Div. 715; *Gaffney* v. *People,* 50 N. Y. 416.)

*James W. Prendergast* and *Thomas B. Gilchrist* for respondent. The typewritten paper signed by the plaintiff's witness James P. Kelly was not competent evidence for the purpose of impeaching the credibility of the witness, and the exclusion of such paper by the trial court was not error for the reason that at the time it was offered in evidence its genuineness was neither admitted nor proved. (*Romertze* v. *E. R. Nat. Bank,* 49 N. Y. 577; 22 Am. & Eng. Ency. of Law, 1234–1236; *Novogrucky* v. *B. & H. R. R. Co.,* 125 App. Div. 715.)

COLLIN, J. The action is to recover the damages sustained by the plaintiff through the death of the intestate caused by the alleged negligent operation of a car of defendant upon its track in the borough of Brooklyn. The judgment for the plaintiff, entered upon the verdict of the jury, has been affirmed by the Appellate Division.

One Kelly was a witness for the plaintiff and gave material testimony in his favor. On cross-examination, he was shown a typewritten statement, to which his name was subscribed, describing the circumstances of the accident and contradicting in material particulars his testimony. He testified that the statement was written in his presence by the operator of a typewriter, who while making it asked him questions and wrote on the typewriter when he had answered and when it was done he signed his name to it and the signature thereto was his; that he did not read it over or swear to it. In form it was sworn to before a commissioner of deeds.

The defendant, thereupon, offered in evidence the statement and upon the objection of the plaintiff that it was incompetent, it was excluded. This ruling, duly excepted to, was error prejudicial to the defendant.

Any statement of a witness made out of court, orally

or in writing, if contradictory of a material part of his testimony, may be, if properly proven, introduced in evidence, not as substantive proof of the truth of such statement, but as tending to discredit him. If it is sought to prove the expression of an opinion inconsistent with the testimony, it is enough if the opinion is so incompatible with the facts testified to by the witness that an honest mind knowing the facts would not be likely to entertain the opinion. Repugnant statements or contraries cannot be true and the fact that the witness has made them tends to show that he is untrustworthy through carelessness, an uncertain memory or dishonesty. Nor need there be a direct and positive contradiction. It is enough that the testimony and the statements are inconsistent and tend to prove differing facts.

A witness cannot be impeached by statements alleged to have been made by him before or after he has testified until he has been adequately warned by the cross-examination that those statements will be later offered against him and thus he or the party calling him be enabled to correct the testimony given or prepare a denial or an explanation of the statements. In case the statements are oral, the warning is given by asking the witness, in substance and effect, if he did not at a given time and place in the presence of or to a person or persons specified make the alleged contradictory statements. (*Patchin* v. *Astor Mut. Ins. Co.*, 13 N. Y. 268; *Sloan* v. *New York Central R. R. Co.*, 45 N. Y. 125; *Loughlin* v. *Brassil*, 187 N. Y. 128.) In case the statements are in writing and unsubscribed, the paper must be shown or read to the witness and marked for identification, and, if subscribed, the signature and in case he so demands the paper must be shown to him. The attention of a witness having been thus called to the contradictory statements, they may be proven and introduced in evidence in the regular course of the trial. They may, of course, be proved by the admissions of the witness made at the time his atten-

tion was called to them. If he fully and clearly admits the making of them as provable by the impeaching party, further proof of them is unnecessary. The impeaching party, however, is entitled to proof of the impeaching testimony as direct and clear as that which the independent and isolated testimony of his own witnesses would afford. The admission of the witness that he signed the written statements adequately proves them. If the witness does not admit that he signed the statements, the genuineness of the signature can be proved by any one or in any legal way. Such proof enables the impeaching party to properly offer the paper in evidence as a part of his case or, with the permission of the court, at any other stage of the trial. The subscription of the witness is some evidence that he made the statements or authorized them to be made for him, and testimony by him that he did not read the statements or hear them read or make them is to be given such force and effect, in connection with the subscription and other relevant evidence, as the jury see fit to accord it. (*Clapp* v. *Wilson*, 5 Den. 285; *Romertze* v. *East River Nat. Bank*, 49 N. Y. 577; *Chicago City Ry. Co.* v. *Matthieson*, 212 Ill. 292; *Field* v. *D., L. & W. R. R. Co.*, 69 N. J. L. 433.) A more stringent rule is applicable to written contracts. (*Phillip* v. *Gallant*, 62 N. Y. 256; *Hill* v. *Syracuse, Binghamton & N. Y. R. R. Co.*, 73 N. Y. 351.) When the writing so proven is offered in evidence, the court should admit it in whole or in such parts as its purpose of discrediting the witness requires or justifies (*Hanlon* v. *Ehrich*, 178 N. Y. 474), and it is a firmly-established rule of this state that it cannot be read to the jury or, provided it can be produced, used as a basis for a cross-examination as to its contents until it is in evidence. (*Romertze* v. *East River Nat. Bank*, 49 N. Y. 577, 581; *Gaffney* v. *People*, 50 N. Y. 416, 423; *Hanlon* v. *Ehrich*, 178 N. Y. 474, 480.) It is apparent from the nature of the case that the witness or the party for whom he was sworn may produce

evidence in denial or explanation of the impeaching statements.

Under the rules we have stated, the trial court erred in excluding from evidence the offered statement upon the ground that it was incompetent or that the witness had said that he did not read it. The objection and the ruling show that it was not excluded because offered out of the proper order of proof.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., absent.

Judgment reversed, etc.