---

## AMSLER v. SORACI CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. WITNESSES ⊙⟹405(1)—COLLATERAL ISSUES—CONCLUSIVENESS OF ANSWERS.
   One who upon cross-examination interrogates a witness on a collateral matter is bound by his answer and cannot thereafter seek to contradict it.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. ⊙⟹405(1).]

2. APPEAL AND ERROR ⊙⟹1060(1)—REVIEW—PREJUDICIAL ERROR.
   In an action for injuries caused by an obstruction in a street, statement by the plaintiff's counsel that he intended to show that the defendant had made changes in the scene after the accident, and before the taking of pictures received in evidence, was prejudicial error.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. ⊙⟹1060(1).]

3. EVIDENCE ⊙⟹380—COMPETENCY—PHOTOGRAPHS—CHANGE OF CONDITIONS.
   Although a photograph taken at a reasonable time after the happening of an accident is admissible in evidence, if one who witnessed the accident vouches for it, with the changes in conditions required to be kept in mind in order that the actual scene may be reproduced, it cannot be shown by whom or whose orders any change of condition was made after the accident.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1657; Dec. Dig. ⊙⟹380.]

Appeal from Trial Term, New York County.

Action by Margaretha Amsler against the Soraci Contracting Company. From a judgment for the plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Floyd K. Diefendorf, of New York City, for appellant.
Percy F. Griffin, of New York City (Walter Carroll Low, of New York City, on the brief), for respondent.

DOWLING, J. Plaintiff has obtained a judgment against defendant for the damages sustained by her through the latter's negligence, whereby an automobile in which she was riding along the Grand Boulevard and Concourse on the evening of December 25, 1913, struck an obstruction in the roadway at 183d street, placed there by defendant, who was a contractor with the city for the laying of water mains

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the work incident thereto. It is claimed the obstruction and the adjoining trenches were not lighted. As the result of the collision the automobile was overturned, and the plaintiff, who was caught thereunder, was injured. We would not disturb this judgment, were it not for errors committed on the trial of the action, and which in our opinion require a reversal.

[1] The first of these arises from the effort to impeach the testimony of the witness Soraci, the president of the defendant company. He had originally been called as a witness by plaintiff. Thereafter he was called as a witness for the defense. Upon cross-examination he was asked whether on December 27, 1913 (two days after the accident), he had gone to a garage to examine the car which had been overturned. Upon his affirmative reply, he was asked whom he had seen there, whether he had seen Joseph Russhon, and what conversation he had with him, or any one else. He denied that he saw him, or spoke to any one except a workman, to whom he said he wanted to see the car, which was shown him. Thereupon this question was put to him: "Q. Didn't you say the plaintiff in this case had better settle, as if it came to trial you had plenty of workmen who you would pay a couple of dollars extra, and they would say anything they were told to say?" To which he replied: " I never had such a conversation." In rebuttal, Joseph Russhon was called by plaintiff, and asked if he had a conversation on the day in question with Soraci, to which he replied in the negative, but said he had listened to a conversation in which Soraci took part. He was then allowed to testify to the conversation he had overheard, which was to the effect that Soraci had said that, "if the party that was hurt did not settle with the company, they had better do it, because he had a lot of men who worked for him a long time, he could give them a couple of dollars, and if it came to trial they would say anything he told them to say." He said one Dickhof was present, and Dickhof was then called, and testified that Soraci said, at the conversation in question, "that if Mr. Russhon don't settle, he has got enough workmen to pay them a couple of dollars and they will do anything he says." To the testimony thus elicited from both witnesses objection was duly made, on the ground, among others, that plaintiff's counsel had interrogated Soraci on this particular matter, which was entirely collateral, and therefore was bound by his answer, and could not thereafter seek to contradict it. Kay v. Metropolitan Street Railway Co., 163 N. Y. 447, 57 N. E. 751; Potter v. Browne, 197 N. Y. 288, 90 N. E. 812. The exception duly taken furnishes ground for reversal.

A similar error was committed in respect to defendant's witness Di Crapio. On cross-examination, he was asked by plaintiff's counsel: "Didn't you tell Mr. Russhon that you wanted pay for testifying as a witness in this case?" To which he answered: "No sir." Joseph Russhon was called in rebuttal, and was allowed to testify, under objection and exception, that Di Crapio had said "he helped to upright the automobile, and helped my brother and cousin out of it, and stayed there in the rain a long time watching the automobile, that somebody was trying to steal from the back, and he wanted pay for it." This,

also, was an effort to contradict a witness on a collateral matter, as to which plaintiff was bound by the original answer elicited by her counsel's question, and the receipt of Russhon's evidence was error.

[2] Furthermore plaintiff's counsel made statements in the hearing of the jury so prejudicial as to have required the granting of the defendant's motion for the withdrawal of a juror. Photographs of the scene of the accident had been received in evidence when offered by plaintiff. They were taken between 8 and 9 a. m. of the day following the accident (which occurred between 7 and 8 p. m.). Defendants had objected to the receipt of two of these photographs, on the ground that the conditions prevailing when they were taken were not shown to be the same as when the accident occurred. To the third no objection was made. Plaintiff made no attempt to show the similarity of conditions. Defendant had offered one photograph solely to show the intersection of 183d street and the Concourse, and the presence of an electric light there. No objection was made by plaintiff to the receipt of this exhibit. But plaintiff's counsel, in his examination of Philip Russhon, one of plaintiff's witnesses, asked him if there was any change in the situation between what it was when he saw it on the night of the accident and the next morning. He replied in the affirmative. He was then asked, "What was it?" to which objection was made by counsel for both defendants. The following colloquy then ensued:

"The Court: For what purpose is this offered?

"Mr. Low: To show that what is shown by these photographs was not the condition as it existed at the time of the accident.

"The Court: Do you mean the photographs of the plaintiff or the defendant?

"Mr. Low: Both of them. Now I propose to show between the time of this accident and the next morning the workmen of the defendant contracting company had taken that out and moved it away, and also filled in part of the trench.

"Mr. Diefendorf: I object to that statement of counsel, on the ground that it is improper and prejudicial. It is not proved. He knows it is a line of proof that is not admissible, and on the same ground I move to withdraw a juror.

"Mr. Price: I join in the motion, if the court please, for the withdrawal of the juror on the ground of improper conduct.

"The Court: The jury are instructed to disregard the remarks of counsel for the plaintiff. I deny the motion.

"Mr. Price: Exception.

"Mr. Diefendorf: I except."

This was clearly error. When plaintiff's exhibits were offered there was no indication that they represented a different condition from that existing at the time of the accident. They were received in evidence, because the court believed they did truthfully represent the then condition. If they did not do so, plaintiff should have shown the respect in which they failed to reproduce the conditions at the time of the accident. Photographs are admitted in evidence because they often more graphically reproduce the scene, conditions, and surroundings of an occurrence than can verbal testimony.

[3] If a photograph is taken within a reasonable time after the happening of an accident, it is admissible in evidence, even if slight

changes have occurred in the scene, provided such changes are shown by the testimony of some one who witnessed the accident and who vouches for the verity of the picture, with the changes in conditions required to be kept in mind that the actual scene of the happening may be reproduced. But this gives no right to either party to show by whom or at whose orders any change in conditions was made after the accident. Plaintiff had no right to offer proof that the workmen of the defendant company had made any change in conditions at the scene after the accident, and the statement of plaintiff's counsel that he proposed to show that the workmen of the contracting company had moved away the obstruction and filled in part of the trench was improper, highly prejudicial to defendant, laying before the jury an intimation of proof which was inadmissible, and called for the withdrawal of a juror; the failure to grant the motion therefor constituting reversible error.

The judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.