ADDIE K. DAVISON, Appellee, v. ARTHUR H. DAVISON, Appellant.

**DIVORCE:** Evidence—Sufficiency. The holding of the trial court 1 in granting a divorce is persuasive on appeal.

**DIVORCE:** Defenses—Condonation—Repetition of Offense. Princi- 2 ple recognized that condonation as a defense to an action for divorce is destroyed by a repetition of the offense.

**DIVORCE:** Alimony—Minor Children—Unauthorized Provisions. 3 The interest of minor children should be given due considera- tion in adjusting alimony, but this will not permit the court to swell the amount of alimony to the successful party, and provide that a portion thereof be set aside and be paid to a minor upon reaching majority.

**DIVORCE:** Alimony—Wife Contributing Nothing to Husband's 4 Property—Effect. Non-contribution by a wife to her husband's property is a matter for material consideration in fixing the wife's alimony. Record reviewed, and *held*, an allowance of alimony was excessive.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

NOVEMBER 17, 1917.

REHEARING DENIED FEBRUARY 16, 1918.

SUIT for divorce. Cross-petition by defendant. De- cree awarding plaintiff divorce and alimony.—*Modified and affirmed.*

*Parsons & Mills,* for appellant.

*Read & Read,* for appellee.

STEVENS, J.—Plaintiff and defendant were married September 19, 1906, and lived together nearly nine years. Both had previously been married. The plaintiff had two children: Dorothy, at the time of the trial twenty-one. years of age, and William, sixteen. Defendant had five

children, two sons and three daughters, the youngest about eight years of age at the time of their marriage. Plaintiff, at the time of the trial, was forty-four, and the defendant, fifty-nine years of age. Defendant, during the time they lived together, was secretary of the executive council, and plaintiff's son, William, and defendant's son Harold re- sided with them until the commencement of this suit, in May, 1915. Dorothy and defendant's eldest son lived with them most of the time. One child, Ruth Howard Davison, at the time of the trial five years of age, is the only child of plaintiff and defendant. Defendant brought suit for divorce, which was dismissed in May, 1915; whereupon plaintiff immediately filed a petition therefor, charging de- fendant with cruel and inhuman treatment. Defendant filed a cross-petition, making similar charges against plaintiff.

1. DIVORCE:
   evidence:
   sufficiency.

I. The testimony of the parties hereto covers many pages of the abstract, and shows many conflicts, both verbal and otherwise, between the parties. In justice to the defendant, we should perhaps say that the evidence does not show that defendant ever inflicted physical punishment upon plaintiff. We have read the entire record with care, from which it is apparent that both parties were much to blame. Defendant made accusations against the fidelity of plaintiff, that were, so far as the record discloses, wholly unfounded, and defendant now admits that he was mistaken in whatever accusations he made against plaintiff in this respect. Plaintiff struck the defendant with plates, a heavy bottle, and some other missiles, and upon one occasion, endeavored to tear defend- ant's clothing from his person. In this she was partially successful. She also insinuated, and perhaps openly charged defendant with marital infidelity. On the whole, the record discloses that their relations were stormy and exceedingly unhappy. After a full hearing upon the merits, in which the married life of the parties was laid bare, the

court below granted the prayer of plaintiff's petition, and dismissed the cross-petition. There is much in the record to condemn in the conduct of both litigants, but the trial court had the advantage of seeing and hearing the parties testify, and of observing their disposition and deportment; and, without entering into a detailed discussion of the testimony, we reach the conclusion that, in so far as the decree granted plaintiff a divorce, it should be affirmed.

2. DIVORCE: defenses: condonation: repetition of offense.

It is contended, on behalf of appellant, that, after plaintiff filed her petition, there was an attempt at a reconciliation between the parties, and that all prior offenses were condoned by the parties. Plaintiff did not, however, dismiss her petition, and the attempt at a reconciliation proved futile, and was terminated in a very short time. Plaintiff complains of the conduct of defendant thereafter, and it is quite apparent that there was such a repetition of the acts previously complained of that the rule of condonation should not be applied. *Shors v. Shors*, 133 Iowa 22.

II. The court awarded plaintiff a judgment for alimony in the sum of $17,000, and $60 per month until Ruth should attain her majority, and further provided that $8,000 of the amount awarded should be turned over to a trustee, to be loaned and managed by him, the income therefrom to be paid to plaintiff until Ruth attained her majority, at which time the $8,000 should be paid to the latter absolutely; and, in the event of Ruth's death before attaining her majority, the same should be retained by the trustee, and the income therefrom be paid to plaintiff so long as she should live, to be used for her maintenance and support, and at her death, the said $8,000 and any unused accumulations therefrom were to be paid to defendant, if living, or his heirs, if defendant should not survive her.

Some time prior to the trial of this case, defendant, in an effort to settle and adjust the property interests of

the parties, delivered to plaintiff stock of the Davison Realty Company, of the par value of $9,000. Plaintiff did not accept the same, however, in settlement, and tendered it back to defendant, who declined to receive it. The decree provided that said stock should belong absolutely to the plaintiff.

After the marriage of plaintiff and defendant, he organized the Davison Realty Company, for the purpose of taking over the property of himself and his former wife. The former Mrs. Davison was the owner of some real estate in South Dakota, and defendant was also the owner of large tracts of land. He purchased the property of his wife, as administrator, and conveyed the same, together with all of his own real estate, to the corporation. The wife's property was appraised at $26,466, one third of which belonged to him, and the rest to his children, as her heirs at law. Stock was issued to the children for their share of the mother's property. In March, 1915, the real estate of the corporation was sold, its assets conveyed to defendant, as trustee, and the corporation dissolved. The net assets of the corporation amounted to approximately $115,000,—perhaps a trifle more. Prior to the commencement of the divorce suit, defendant assigned $8,000 of the capital stock of the Davison Realty Company to each of his children, and claims to have conveyed a like amount to one of his daughters in trust for Ruth, reserving to himself, however, the control and income of all said property during his lifetime; so that defendant has the control of and income from the property, consisting largely of moneys and mortgages, amounting to more than $100,000.

Defendant claims that the expenses of his household were annually much greater after his marriage to plaintiff than previously, and it is conceded that she was possessed of no property when the parties were married, and has contributed nothing directly thereto. It may be assumed that

the real estate of the Davison Realty Company greatly appreciated in value after the marriage of plaintiff and defendant, but it is not shown that he has acquired property to any extent since the marriage; so that plaintiff did not participate in the accumulation of defendant's wealth.

As above stated, defendant claims to have made a trust provision for Ruth, by which $8,000 is to be paid to her at his death; and whatever may have been his suspicions relative to the paternity of this child in the past,—of which there should never have been the least doubt,—he now professes to be satisfied, and says that the provision for her was made in good faith, and will be carried out.

3. DIVORCE: alimony: minor children: unauthorized provisions.

The custody of Ruth Howard Davison was given to plaintiff, subject to the right of defendant to visit her at certain times and under certain restrictions. The right of the court to take into consideration the interests of minor children, in fixing the amount of alimony to be allowed, is, of course, always recognized; but the court should not undertake to control the division of the property of the defeated party among the children. In this case, the sum placed in trust for the benefit of Ruth Howard Davison is a part of the amount awarded plaintiff as alimony; but evidently the court increased the total amount of alimony allowed because of this provision for Ruth. This, we think, should not have been done.

The defendant should not, however, feel that, because of the cancellation of the trust provided by the court in its decree for the benefit of Ruth, he is relieved from all responsibility or duty to care for and educate his said daughter. The court rather assumes that he will at all times manifest toward her the affection and render her such aid as a father should. In our opinion, the sum awarded as

alimony in this case is excessive, and should **4. DIVORCE: alimony: wife contributing nothing to husband's property: effect.** be reduced. The provision requiring defendant to pay plaintiff $60 per month, and permitting her to retain $9,000 stock of the Davison Realty Company, and the trust provision for Ruth Howard Davison, should be cancelled and set aside, and plaintiff awarded alimony in the sum of $17,000 in full of all claims, upon payment of which by the defendant, plaintiff shall surrender to defendant the said certificates of stock. Plaintiff may also have an allowance of $200 attorney fees for the service of her attorneys in this court. Counsel will prepare decree in harmony with this opinion, and the same will be entered in this court.—*Modified and affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.