ADDIE K. D'AVISON, Appellee, v. DAVISON REALTY COMPANY et al., Appellants.

RECEIVERS: Grounds of Appointment—Assets of Corporation in Danger of Dissipation.  In a wife's suit in equity for assembling assets of corporation and distribution of its assets, where stock belonging to her husband had been awarded to her as alimony, and then, on appeal, the provision for alimony was converted into a money judgment, with right to hold the stock until the money was paid, and where the husband, under a dissolution of the corporation, claimed by her to be illegal, has secured the money for the said stock, and claims that it has been paid on his personal debts, a preliminary order appointing a receiver to take possession of such assets of the corporation as are discoverable will not be interfered with, it appearing *prima facie* that the assets are in danger of dissipation or concealment, and that the assets, largely in notes and mortgages, will draw interest in the hands of the receiver as well as anywhere, and

no objection being made to personality of receiver nor as to security exacted from him.

SALINGER, J., dissents.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF, Judge.

MAY 14, 1919.

APPEAL from an order appointing a temporary receiver in a pending case. The defendant appeals.—*Affirmed.*

*Parsons & Mills* and *George Cosson,* for appellants.

*Read & Read,* for appellee.

EVANS, J.—The plaintiff is the former wife of the defendant A. H. Davison, who was the principal owner and manager of the defendant corporation. Prior to March, 1916, a suit for divorce was pending between the parties, the trial of which was completed about March 4th, and decree was awarded to the plaintiff. Nine thousand dollars worth of stock, represented by five certificates in the defendant corporation, was awarded to the plaintiff as a part of her alimony. This stock had been in the name and in the possession of the plaintiff since May, 1915. The decree awarding her the stock as alimony was not satisfactory to her, in that she contended for alimony in the form of money. Upon appeal to this court, the provision for alimony in the decree was converted into a money judgment, with the right to hold the stock until the money should be paid. *Davidson v. Davison,* 182 Iowa 1116. Between March 4, 1916, and the date of the entry of the divorce decree, March 18th, a purported dissolution of the defendant corporation was accomplished, without the knowledge of the plaintiff. By resolutions, the property of the corporation was all distributed to the stockholders, and the defendant A. H. Davison received and claimed for himself the property or money set aside by the

corporation for the five certificates of stock in the hands
of the plaintiff, amounting to $9,000.   He has declined
to pay over the proceeds to the plaintiff, or to account for
them in any manner, and, in effect, claims that they have
been wholly dissipated by the payment of his own personal
debts.   The plaintiff has brought this proceeding in equity
for an assembling of the assets of the corporation, and for an
appropriate and equitable distribution thereof among the
stockholders.   Her theory is that the dissolution was not
legally accomplished, in that it purported to be done without
the assent of all the stockholders, and without the actual
redemption of all the stock.   The question which is to be lit-
igated between the parties is: Did the plaintiff, prior to the
date of the purported dissolution of the corporation, have
any interest in these five certificates of stock, either as abso-
lute owner or as collateral holder thereof?   The defendant
contended that whatever right thereto the plaintiff had, at-
tached only on the date of the entry of the decree, and by
virtue of such decree; and that the certificates had, at that
time, become a nullity, by the completed dissolution of the
corporation.   The order appealed from does not in any man-
ner purport to adjudicate this question.   It is simply a pre-
liminary order, appointing a receiver to take possession of
such assets of the corporation as are discoverable, it being
made to appear, *prima facie,* that the assets are in danger
of dissipation or concealment.   We are reluctant at all times
to interfere with the preliminary orders of the trial court,
in advance of a final hearing upon the merits of the contro-
versy.   No objection is made here to the personality of the
receiver, nor to the security exacted from him by the court.
The assets of the corporation were converted largely into
notes and mortgages.   These will draw interest in the hands
of the receiver as well as anywhere.   If there is any special
reason why undue damage would result to the corporation by
reason of this temporary receivership, it is not made to ap-

pear. The order of the trial court will, therefore, be—*Affirmed*.

LADD, C. J., WEAVER, GAYNOR, PRESTON, and STEVENS, JJ., concur.

SALINGER, J., dissents.