## BENNETT v. HOFFMAN.

(Circuit Court of Appeals, Second Circuit. April 9, 1923.)

No. 193.

1. **Evidence ⬅242(5)—Statement of chauffeur, following collision, held outside scope of employment, and hearsay as to employer.**

Statement of defendant's chauffeur, following collision, that defendant was always pushing him along to make time, was outside the scope of his employment, and hearsay as to defendant.

2. **Witnesses ⬅388(2)—Attention must be called to admission or contradictory statement, in order to prove it as impeachment.**

To introduce rebuttal, for purpose of impeaching testimony of witness on cross-examination in respect of some admission or contradictory statement, attention of witness must be called thereto.

3. **Witnesses ⬅382—Evidence of statement not admissible to impeach witness, when he was not permitted to answer question whether he made it.**

Though witness was asked on cross-examination whether he made statement claimed to be at variance with his testimony, where, on objection, he was not permitted to answer the question, such statement could not be proved in rebuttal as impeachment.

In error to the District Court of the United States for the Southern District of New York.

Action by George W. Hoffman against Harry W. Bennett. Judgment for plaintiff, and defendant brings error. Reversed.

Writ of error to a judgment entered upon the verdict of a jury in favor of plaintiff below against defendant below for $2,894.55. The parties will be referred to as aligned below. The action was to recover damages for personal injuries to plaintiff alleged to have been caused by the negligence of defendant. Each of the parties was riding in an automobile. Plaintiff was in a motorcar, driven by and seated next to one Hunt, on an intended trip from Manchester, Md., to Baltimore in the same state. Hunt's driving, it is alleged, was under the direction of plaintiff. Defendant was also in a motorcar, driven by and seated next to his chauffeur, one Coughlan, on an intended trip from Baltimore to Crimora, Va. Defendant's car was proceeding on the highway from Baltimore to Frederick, known as the Frederick pike, in a

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

direction practically from east to west. The Frederick pike is intersected, but not crossed, by the Sykesville road, which runs practically from north to south and intersects the Frederick pike on the right-hand side, if one is traveling from Baltimore to Frederick. The cars collided on the Frederick pike at a point opposite, or nearly so, to the intersection of the two roads. There was the conflict of testimony usual in a case of this kind. The speed of defendant's car was a controverted point, and testimony was introduced on behalf of plaintiff to the effect that defendant's car was run at a very high rate of speed. Defendant's chauffeur, Coughlan, testified that he was driving at the rate of about 30 miles an hour and no more.

Cook, Nathan & Lehman, of New York City (Edgar M. Souza and Louis M. Loeb, both of New York City, of counsel), for plaintiff in error.

Sydney A. Syme, of Mt. Vernon, N. Y., for defendant in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). The opposing testimony of witnesses, as to just how or why the collision of the cars occurred, need not be recited. The plaintiff introduced testimony intended to show that Coughlan, the chauffeur of defendant, was driving at a reckless rate of speed, whereas Coughlan testified that he was driving at a rate of about 30 miles an hour. The rate of speed was a critical question in a sharp and close controversy as to the negligence of defendant and the contributory negligence of plaintiff. Coughlan testified on behalf of defendant. On cross-examination he was asked:

"Q. Well, did you state at the scene of the accident after the accident, to a group of men of which Oscar R. Streaker was one—did you make the statement, 'I guess my boss will stop pushing me; he is always pushing me along to make time?'"

To this question the objection interposed by counsel for defendant was properly sustained. Later in the trial, and on rebuttal, the deposition of Streaker was read, and the question infra was asked. Although objection to this question was then sustained, the trial judge stated that he would pass on the question later. At almost the close of rebuttal, the question in Streaker's deposition thus objected to was read again, and then allowed, and answer made as follows:

"Q. Did you [Streaker] hear the chauffeur say in substance, while you were present and he was sitting on the cushion and in the presence of these others, did you hear him say in substance the following: 'I guess my boss will stop pushing me; he is always pushing me along to make time?' A. Yes."

The testimony showed that Streaker did not arrive at the scene of the accident until long after the accident. It will be noted that the question does not refer to any acts of Coughlan, but to an alleged admission by Coughlan of instructions given to him by his employer. To allow this question and answer was error for two reasons.

[1] First. The statement of Coughlan was made outside of the scope of his employment, and hence was hearsay as to defendant. Luby v. Hudson River R. Co., 17 N. Y. 131; Anderson v. Rome, W. & O. R. Co., 54 N. Y. 334; Sherman v. D., L. & W. R. Co., 106 N. Y. 542, 13 N. E. 616.

[2, 3] Secondly. In order to introduce rebuttal, for the purpose of impeaching the testimony of a witness given on cross-examination in respect of some admission or contradictory statement, the attention of the witness must be called to such admission or contradictory statement. The rule is well stated by Collin, J., in Larkin v. Nassau Electric Railroad Co., 205 N. Y. 267, 98 N. E. 465. In the case at bar, Coughlan was not permitted to answer, and thus his testimony was a blank in respect of this question. The mere fact that he was asked is obviously of no consequence, in view of the fact that he was not permitted to answer the question put to him.

Thus, the situation was that, on rebuttal, independent new testimony was introduced to impeach Coughlan's testimony in regard to subject-matter as to which Coughlan, in legal effect, had not been interrogated. Sherman v. D., L. & W. R. Co., supra; Kay v. Metropolitan Street Rwy. Co., 163 N. Y. 447, 57 N. E. 751; Amsler v. City of New York, 172 App. Div. 63, 158 N. Y. Supp. 219. Testimony on rebuttal as to conversations had with the witnesses Magan and Kenney, several months after the accident, was also inadmissible, because in violation of the rule as to rebuttal, stated supra.

While, on the testimony, the question of contributory negligence was for the jury, the other points argued at bar may not arise upon a new trial, and hence need not now be discussed.

Judgment reversed.