MAMIE E. STYLES, Respondent, v. ANNA HUBER, Appellant.— Judgment reversed upon the law and new trial granted, costs to abide the event. The trial justice committed prejudicial error in receiving the testimony of the witness Coddington as to a conversation with the chauffeur, Huber, after the accident, appearing at folios 383–385, and in charging the jury that they might consider this testimony as affecting the credibility of Huber. No foundation was laid for the reception of this evidence. (Larkin v. Nassau Electric R. R. Co., 205 N. Y. 267.) Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur.

DOMINICK VECE, an Infant under the Age of Fourteen Years, by ALFONSO VECE, His Guardian ad Litem, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent. ALFONSO VECE, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent. MICHAEL LANDI, an Infant under the Age of Fourteen Years, by ANTONIO LANDI, His Guardian ad Litem, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent. ANTONIO LANDI, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent. LOUIS TOLLI, an Infant under the Age of Fourteen Years, by PIETRO TOLLI, His Guardian ad Litem, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent. PIETRO TOLLI, Appellant, v. KLEINSCHMIDT MAGNESIA COMPANY, Respondent.— Order compelling infant plaintiffs to submit to a physical examination affirmed, with ten dollars costs and disbursements, examination to proceed on five days' notice at the place and hour stated in the order. Under the circumstances presented by this record we are of opinion that the defendant is entitled to the examination demanded. Young, Kapper and Scudder, JJ., concur; Lazansky, P. J., and Davis, J., dissent and vote for reversal.

KATIE ZUKOWSKY, Respondent, v. HERMAN ZUKOWSKY, Appellant.— Order affirmed, with ten dollars costs and disbursements. There has been no motion to dismiss the complaint or for an order of discontinuance, and as the plaintiff claims that an agreement was made that the reconciliation was to be temporary, with all rights in the action surviving, she has the right to test her legal theory that there has been no abandonment or abatement of the action. (Smith v. Smith, 35 Hun, 378; affd., 99 N. Y. 639; Tackaberry v. Tackaberry, 101 Mich. 102; Davison v. Davison, 182 Iowa, 1116.) On this subject we express no opinion. Until the question, not here directly presented, as to her right to prosecute the action further has been determined, she is entitled to counsel fees. Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. WERNER, Appellant, for a Prohibition Order against the Judges of the Court of Special Sessions, Queens County, to Wit: Hon. HENRY W. HERBERT, Hon. HYMAN RAYFIEL and Hon. WILLIAM A. WALLING, Respondents.— Motion denied. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

ARTCRAFT BOX CO., INC., Respondent, v. KRISCHER'S MANUFACTURING CO., INC., Appellant.— Motion for stay granted upon condition that appellant perfect appeal for Friday, May fifteenth (for which day the case is set down) and be ready for argument when reached; otherwise, motion denied, with ten dollars costs. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.