MARGARET CUCCIA, as Administratrix, etc., of VINCENT CUCCIA, Deceased, Respondent, *v.* SURFACE TRANSPORTATION CORPORATION OF NEW YORK, Appellant.

First Department, July 1, 1932.

*Addison B. Scoville* of counsel [*A. C. Mayo* with him on the brief; *Alfred T. Davison*, attorney], for the appellant.

*Paul P. Rao* of counsel [*Rao & Paider*, attorneys], for the respondent.

MARTIN, J. Margaret Cuccia, as administratrix, brought this action to recover for the death of her son, Vincent Cuccia, who died as a result of injuries sustained in a collision between an automobile which the deceased was driving and a bus of the defendant, at the intersection of One Hundred and Eighty-seventh street and Arthur avenue, borough of The Bronx, which accident plaintiff alleges was caused by the negligence of the defendant.

Due to the fact that this judgment must be reversed because of the exclusion of a statement made and signed by one of the witnesses for the plaintiff, which statement contradicted his testimony, it will be unnecessary to consider the point urged by defendant that the judgment should be reversed for the reason that it is against the weight of the credible evidence.

During the cross-examination of Patsy Angrisani by the defendant's attorney he was shown a statement which contained his version of the manner in which the accident occurred and which he not only admitted he had signed but which was read to him by his brother before he signed it. The statement was then offered in evidence to impeach the testimony of the witness. The court ruled that the statement had not been properly proved and excluded it. In view of the fact that this statement clearly placed two of the principal witnesses for the plaintiff in a store at the time the accident occurred, its admission in evidence became very important. If the statement was true the two witnesses for the plaintiff who testified that they were eye-witnesses to the accident were in a store at the time the accident happened. They were attracted by the noise of the collision between the bus of the defendant and the automobile which the decedent was driving, and ran from the store to the scene of the accident.

The statement was properly proved and was clearly admissible in evidence. It was very damaging to the plaintiff's case because of the fact that it placed two of the plaintiff's witnesses at the time of the accident at another place and not at the scene of the accident as testified to by them.

We have already pointed out that the defendant not only proved the signature of the witness but the fact that the statement had been

read to him by his brother. Even if it had not been read to the witness by his brother, the fact that it had been signed by the witness was sufficient to warrant its admission in evidence. It may be that the plaintiff could thereafter have established that the witness did not understand English or that he did not know the contents thereof. That of course would not prevent the defendant from placing the statement in evidence.

In *Larkin* v. *Nassau Electric R. R. Co.* (205 N. Y. 267) the court said: " The admission of the witness that he signed the written statements adequately proves them. * * * The subscription of the witness is some evidence that he made the statements or authorized them to be made for him, and testimony by him that he did not read the statements or hear them read or make them is to be given such force and effect, in connection with the subscription and other relevant evidence, as the jury see fit to accord it."

The citation of other authorities is unnecessary in view of the well-known rule that, the witness having admitted his signature to the paper, it was sufficiently proved to admit it in evidence.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.