EMMALINE SHOUPE, an Infant, by FRANCES SHOUPE, Her Guardian ad Litem, and EARL S. SHOUPE, Respondents, *v.* 2525 AMSTERDAM AVENUE CORPORATION, Appellant.

First Department, March 7, 1941.

*T. L. Karpf* of counsel [*E. C. Sherwood,* attorney], for the appellant.

*Harold Ira Panken* of counsel [*Schatz, Holober & Phillips,* attorneys], for the respondents.

DORE, J. In this action for personal injuries, alleged to have been sustained by the infant plaintiff when she fell on a stairway in defendant's building, and for loss of services and medical expenses on behalf of the infant's father, defendant appeals from a judgment for $500 in favor of the infant plaintiff and $150 in favor of the father entered on a jury's verdict in plaintiffs' favor after a trial before the court and a jury.

The infant plaintiff claimed that she slipped on garbage while descending the stairway between the second and third floors in the defendant's premises on the afternoon of February 2, 1937; and that, as a result, she fell and sustained the injuries for which the action was brought. Plaintiffs' claim was that there was garbage on the steps on every floor and in the halls at nine A. M. the day of the accident, when the infant plaintiff, her mother and sister left the house, at which time the mother notified the superintendent and complained of the condition; but three hours later when they returned, it is claimed the stairs were in the same condition. Both

actual and constructive notice of the dangerous condition were claimed. Defendant rested at the close of plaintiffs' case.

During the course of cross-examination of plaintiffs' witnesses, defendant's counsel offered in evidence written statements admittedly signed by three of them, namely, the infant plaintiff's father, mother and sister. While they admitted signing the statements, all denied having read them. The father and sister admitted that they wrote on the paper above their signature that they had read the paper and that it was true. The mother admitted her signature but did not remember writing that legend, although she admitted the writing looked like her handwriting. There was no claim that the paper was blank when the signatures were affixed and there was proof that writing was on the paper before the witnesses signed.

As the statements contradicted the testimony of the witnesses and were properly proved by the admissions of the witnesses themselves on cross-examination, they should have been admitted in evidence and it was reversible error to exclude them. (*Matter of Roge* v. *Valentine,* 280 N. Y. 268, 276; *Larkin* v. *Nassau Electric R. R. Co.,* 205 id. 267; *Cuccia* v. *Surface Transportation Corp.,* 236 App. Div. 105, 107.) In *Larkin* v. *Nassau Electric R. R. Co. (supra)* the court stated the applicable rule as follows: " The admission of the witness that he signed the written statements adequately proves them. * * * The subscription of the witness is some evidence that he made the statements or authorized them to be made for him, and testimony by him that he did not read the statements or hear them read or make them is to be given such force and effect, in connection with the subscription and other relevant evidence, as the jury see fit to accord it. (*Clapp* v. *Wilson,* 5 Den. 285; *Romertze* v. *East River Nat. Bank,* 49 N. Y. 577; *Chicago City Ry. Co.* v. *Matthieson,* 212 Ill. 292; *Field* v. *D., L. & W. R. R. Co.,* 69 N. J. L. 433.) "

In *Cuccia* v. *Surface Transportation Corp. (supra)* one of plaintiff's witnesses on cross-examination admitted he had signed a statement which contradicted his testimony, but the trial court ruled that the statement had not been properly proved and excluded it. In reversing the judgment and ordering a new trial, this court by MARTIN, J. (now P. J.), referring to the statement, said: " Even if it had not been read to the witness by his brother, the fact that it had been signed by the witness was sufficient to warrant its admission in evidence. It may be that the plaintiff could thereafter have established that the witness did not understand English or that he did not know the contents thereof. That of course would not prevent the defendant from placing the statement in evidence."

While no witnesses were called by defendant, the statements signed ten days after the occurrence of the accident and contradicting testimony of plaintiffs' witnesses, were material on the issue of their credibility and should have been before the jury when called upon to pass upon the truth of their testimony. The error was substantial and prejudicial.

There were other errors on which it is unnecessary to comment as they were not briefed and are unlikely to recur on a retrial.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.