MOLLY DETZKER et al., Appellants, v. CITY OF NEW YORK, Respondent.— Action by plaintiff Molly Detzker to recover damages for personal injuries resulting from a collision of an automobile, in which she was seated, operated by her husband and coplaintiff Hyman Detzker, with a trolley car owned and operated by the defendant. Also action by plaintiff Hyman Detzker for loss of services and property damage. The verdict was for the defendant and plaintiffs appeal from a judgment entered thereon. Judgment unanimously affirmed, with costs, under section 106 of the Civil Practice Act. The court erred in sustaining the objection of the defendant to a question propounded to defendant's witness, the motorman operating the trolley, as to whether he had stated to a police officer that he had struck the automobile in the rear. The court also erred in sustaining an objection of the defendant to a similar question propounded to the police officer. One question was proper to lay the foundation for attempting impeachment and to prove a contradictory statement affecting the motorman's credibility. (Richardson on Evidence [4th ed.] §§ 579, 580; Larkin v. Nassau Electric R. R. Co., 205 N. Y. 267.) The error, however, in view of the entire evidence was not prejudicial because it was affirmatively established from each of these witnesses that they did not talk to each other or that they did not remember having talked to each other. Under these circumstances if the questions had been allowed, as they should have been, it is apparent that the answers would have been that the statement was not made or that they did not remember that such a statement had been made by one to the other. Moreover, the proof is so convincing that the cause of this accident was solely the negligence of plaintiff Hyman Detzker that a claim of prejudicial error may not be sustained. Close, P. J., Carswell, Adel and Lewis, JJ., concur; Aldrich, J., concurs in result. [See post, p. 1001.]

MORRIS A. GREEN, Respondent, v. ROBERT WELWOOD, INC., Appellant.— Order of the Appellate Term, affirming a judgment of the City Court of the City of New York, Queens County, in favor of plaintiff for $1,336, after a trial without a jury, and an order striking out the second and third defenses in defendant's answer as insufficient in law, unanimously affirmed, with costs. No opinion. Appeal from judgment entered December 21, 1943, dismissed. There is no such judgment in the record. Present — Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ.

In the Matter of the Probate of the Will of NUNZIATA BONANNO, Deceased. JOSEPH BONANNO, Appellant; ANNA DE CIUCIES et al., Respondents.— Joseph Bonanno appeals from so much of a resettled order of the Surrogate's Court, Kings County, setting aside a verdict and granting a new trial, as imposed conditions for the granting of the motion. Order modified on the law by striking out everything in the first ordering paragraph following the word " granted," and by striking out the second ordering paragraph. As so modified, the order insofar as appealed from, is unanimously affirmed, without costs. The order was properly made, but the circumstances were such that no terms should have been imposed. The stay contained in the order of this court entered on January 21, 1944 (Matter of Bonanno [Motion No. 58], ante, p. 905), is vacated. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.