◼     NEAL A. PACKER, an Infant, by MURRAY PACKER, His Father and Natural Guardian, et al., Appellants, v. LEROY ALLEN, Respondent.— Appeal from a judgment of the Supreme Court, entered October 5, 1970 in Rensselaer County, upon a verdict rendered at Trial Term in favor of defendant. This action arose out of an automobile accident which occurred in the City of Troy on September 28, 1968 at about 11:30 P.M. at the intersection of Hoosick Street and Fifth Avenue when an automobile operated by plaintiff Neal Packer in an easterly direction on Hoosick Street collided with an automobile operated by defendant Leroy Allen in a southerly direction on Fifth Avenue. In his complaint and at the trial plaintiff contended that defendant went through the red traffic light at the intersection of the two streets. On cross-examination at the trial defendant denied having pleaded guilty in Troy Police Court to a charge that he passed a red traffic light, and further denied having paid a fine of $10. Plaintiff then attempted to introduce the Justice's Criminal Docket to contradict the testimony of defendant. The court denied its admission into evidence stating: " On this record, as submitted, that place as to what the plea was is blank. Now, this record is obviously being offered as a contradictory statement of a statement made by a witness and a party here that he never pleaded guilty. This record is insufficient as offered to be that contradictory." We agree with that determination. There is no indication in this record that a plea was actually made and, although the docket not received in evidence, indicates the charge to be " 1111-dl V & T " which one might assume to be a violation of that section, there is no indication of the time, place or date on which the violation occurred. There is nothing to connect it with an accident which occurred at the intersection of Fifth Avenue and Hoosick Street on September 28, 1968. The exhibit, therefore, was clearly insufficient for the purpose offered and was properly denied admission into evidence. Plaintiff also contends that a signed statement of a coplaintiff was improperly admitted into evidence upon the ground that it was self-serving. The statement was offered by defendant Allen to contradict this coplaintiff's testimony as to the speed of defendant Allen's automobile. This testimony at the trial was to the effect that he could not estimate the speed of defendant Allen's automobile but, in the prior written statement admitted into evidence, he had stated that the Allen car was going 15 miles per hour. The court admitted the statement on the ground that it was a statement of a party being offered by an adverse party, and the court clearly limited the jury's consideration of the statement only to the case of the coplaintiff who made the statement against defendant Allen. Since the statement was not offered by the party who made it, but by an adverse party, it is not self-serving as to the offering party. In our opinion, the statement was properly admitted into evidence. (CPLR 4514; *Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; *Caplan* v. *City of New York*, 34 A D

2d 549.) Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.