■ MICHAEL VARELA et al., Appellants, et al., Plaintiffs, v STEVEN PREVITI et al., Respondents.—Judgment, Supreme Court, Bronx County, entered on January 11, 1977, on a jury verdict in favor of defendants, unanimously reversed, on the law, vacated and the case remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. Plaintiff Varela and the Marinos were walking across City Island Avenue, at other than an intersection or crosswalk, at 2:00 A.M. on August 9, 1970, when they were struck by a car driven by defendant Steve Previti. The evidence was all but conclusive that defendant was negligent. However to determine whether Varela was contributorily negligent it was essential for the jury to pass on whether defendant's headlights were on at the time of the accident. Critical to a resolution of that disputed fact issue was the admission into evidence of a written statement of Barbara Naccarato, which had been taken some 15 months following the accident. The statement which was received in evidence as part of defendant's direct case, contained an assertion that the headlights were on. Its significance cannot be minimized for it was the only direct evidence apart from the defendant's own testimony to that effect and it came from a passenger in the Varela's car. But it was inadmissible to impeach Miss Naccarato, for her testimony at trial that she had no recollection of whether the lights were on or not was not a statement of a material fact subject to impeachment by a prior

inconsistent statement. Admitting the statement in this posture was tantamount to admitting it as evidence in chief. That it was so admitted is borne out by the court's refusal to charge the statement bore only upon the witnesses' credibility and did not constitute affirmative proof of the facts contained therein. Furthermore the statement was also inadmissible as a past recollection recorded for it failed to comport with the criteria of that rule: it was not made at or soon after the accident; and at the trial Miss Naccarato was unable to remember making the statement and unable to state she knew it to have been true at the time it was made. (3 Wigmore, Evidence [3d ed], §§ 745-747.) Concur—Kupferman, J. P., Evans, Markewich, Yesawich and Sandler, JJ.