■ JAMES V. KELLOGG, Respondent, v JACK DASKALAKIS et al., Appellants. [645 NYS2d 924] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 1, 1995 in Schoharie County, upon a decision of the court in favor of plaintiff.

This case involves the application of deed provisions in resolving a boundary dispute between the parties who own adjoining lands. At issue is the northwestern boundary of plaintiff's property as it extends from Clapper Hollow Road in a generally southeasterly direction along defendants' property line. The provisions of plaintiff's deed as to exact footage or acreage are vague. Natural monuments referred to in the deed do not exist in the general vicinity of where they are called for. Both parties bought their property from Frederick Witt and Winifred Witt. Plaintiff's deed refers to 17 acres. Defendants' deed excepts the 17-acre parcel which was sold to plaintiff and describes the excepted property in the same manner as plaintiff's deed. Defendants used certain logging roads to access the southern portion of their property. Plaintiff claims that a logging road located adjacent to the disputed boundary belongs to him. From this dispute the matter before us emanates.

Supreme Court held a nonjury trial on November 10, 1994 to resolve the issue. The court viewed the expert testimony offered by the two surveyors for plaintiff as more credible than the testimony submitted by defendants' surveyor and ruled that the proper boundary line separating plaintiff's property from defendants' property was the boundary line identified by surveyor Richard Lape in his survey dated May 3, 1990. Judgment was entered in favor of plaintiff from which defendants appeal.

On appeal defendants urge error on Supreme Court's part in failing to admit the letter written by Lape to defendants' former counsel which indicated a variance between his trial testimony (wherein he expressed certitude as to the boundary line location) as opposed to the letter (wherein he was unclear as to the meaning of the provisions of the deed). According to defendants the court erred in declining to admit the letter, in

that the letter was being offered solely for impeachment purposes rather than for the purposes of the truth of the matter asserted (see, *Larkin v Nassau Elec. R. R. Co.*, 205 NY 267; *see generally*, Prince, Richardson on Evidence § 8-111, at 508-509 [Farrell 11th ed]).

We note that though the excluded letter undermines Lape's credibility, the record evidence nonetheless preponderates in plaintiff's favor. The substantiation of Lape's testimony by the second expert witness, surveyor Rudolph Snyder, who drew the same conclusions as Lape, vis-à-vis the disputed boundary indicates that Supreme Court's conclusion on the issue should be upheld.

We conclude that defendants failed to establish that any substantial right of theirs was prejudiced by the error in Supreme Court's ruling which we consequently disregard (see, CPLR 2002).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.