■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM ELI, Appellant. [673 NYS2d 93] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered August 18, 1997, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to concurrent terms of 3 to 9 years and 1 to 3 years, respectively, unanimously affirmed.

The court properly denied defendant's mistrial motion following the prosecutor's opening remarks mistakenly attributing to defendant the exculpatory postarrest statement of another, since these remarks caused no prejudice to defendant. Defendant's claim of prejudice resulting from an ethnic reference in the statement rests entirely on speculation. In any event, the jury is presumed to have followed the court's curative instruction (see, People v Davis, 58 NY2d 1102) that defendant, in fact, never made such a statement and that arguments by counsel are not evidence.

The prior testimony sought by defendant to be admitted under the prior inconsistent statement exception to the hearsay rule did not qualify as such, and was properly excluded. The

witness's Grand Jury testimony concerning the color of defendant's pants was inadmissible because the witness's trial testimony that he had no recollection of the color of the pants "was not a statement of a material fact subject to impeachment by a prior inconsistent statement. Admitting the statement in this posture [would have been] tantamount to admitting it as evidence in chief." (*Varela v Previti*, 64 AD2d 560, 560-561; *see also*, *People v Alicea*, 229 AD2d 80, 88, *lv denied* 90 NY2d 890.) Defendant also failed to lay a proper foundation for admission of this Grand Jury testimony, taken months after the event, as past recollection recorded (*Varela v Previti, supra*, at 561).

The challenged portions of the prosecutor's summation did not, under the circumstances, constitute comment on defendant's failure to testify. Instead, they were fair comments on defendant's postarrest admissions of involvement in the incident and a reasonable response to defendant's summation comments seeking to characterize these statements as either noninculpatory or a denial of involvement in the attack (*see*, *People v Ashwal*, 39 NY2d 105, 109).

The court's charge, when read as a whole, properly conveyed the concept of reasonable doubt (*see*, *People v Cubino*, 88 NY2d 998). Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.