People v Borgella (2020 NY Slip Op 07216)





People v Borgella


2020 NY Slip Op 07216


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-11728
 (Ind. No. 3492/14)

[*1]The People of the State of New York, respondent,
v
Andy Borgella, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Brufee,
and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered July 20, 2017, convicting him of murder in the second degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the search of his historical cell site location information (hereinafter CSLI) records, obtained by means of a court order issued upon a showing of less than probable cause, violated the Fourth Amendment (see Carpenter v United States, _____ US _____, 138 S.Ct. 2206) is unpreserved for appellate review (see CPL 470.05[2]; People v Lanham, 177 AD3d 637, 638; People v Taylor, 172 AD3d 1110). In any event, any error in the Supreme Court's admission of the defendant's CSLI records was harmless, because the evidence of guilt was overwhelming and there was no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Brown, 181 AD3d 701, 702; People v Taylor, 172 AD3d at 1111).
The defendant's contention that certain remarks made by the prosecutor during summation require reversal is unpreserved for appellate review, since the defendant failed to object to the remarks at issue (see CPL 470.05[2]; People v Alisuarez, 186 AD3d 1391). In any event, although some of the prosecutor's remarks in summation were improper, they were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (see People v Anglin, 178 AD3d 839, 841; People v Lopez, 150 AD3d 1266, 1267).
The defendant's claim that the Supreme Court failed to conduct a sufficient inquiry of a juror who reported to the court that he heard someone take a picture in the courtroom was waived, as defense counsel agreed with the court that the juror could be fair and impartial and did not request that the court conduct further questioning (see People v Armstrong, 138 AD3d 877, 879).
Contrary to the defendant's contention, the Supreme Court was within its discretion in suspending jury deliberations for a period of over 24 hours and denying the defendant's motion for a mistrial, despite that the defendant did not waive the provisions of CPL 310.10(2) or consent [*2]to substitute an alternate juror, where a juror was briefly hospitalized but reported that he would return to deliberate the following day (see People v Ferguson, 67 NY2d 383, 388; People v Taylor, 32 Misc 3d 546).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court