People v Austin (2025 NY Slip Op 01942)

People v Austin

2025 NY Slip Op 01942

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2016-09389
 (Ind. No. 1469/09)

[*1]The People of the State of New York, respondent,
v
Rodwell Austin, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John Ingram, J.), rendered July 1, 2016, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of manslaughter in the first degree arising out of the stabbing death of his coworker at a subway station in the Flatbush section of Brooklyn in 2009, which the defendant maintains was in self-defense.
"The right to present a defense constitutes 'a fundamental element of due process of law'" (People v Butts, 184 AD3d 660, 661, quoting Washington v Texas, 388 US 14, 19), "and it is one of the 'minimum essentials of a fair trial'" (id., quoting Chambers v Mississippi, 410 US 284, 294; see People v Gibian, 76 AD3d 583, 585). "'The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the [trier of fact] so it may decide where the truth lies'" (People v Butts, 184 AD3d at 661, quoting Washington v Texas, 388 US at 19; see People v Taylor, 40 AD3d 782, 784).
"'Once a proper foundation is laid, a party may show that an adversary's witness has, on another occasion, made oral or written statements which are inconsistent with some material part of the trial testimony, for the purpose of impeaching the credibility and thereby discrediting the testimony of the witness'" (People v Butts, 184 AD3d at 661, quoting People v Bradley, 99 AD3d 934, 936; see People v Duncan, 46 NY2d 74, 80; Jerome Prince, Richardson on Evidence § 6-411 [Farrell 11th ed]). In order to sufficiently lay the foundation for the introduction of a prior inconsistent statement, there must be an actual inconsistency between the statements at issue (see People v Wise, 46 NY2d 321, 326; People v Bornholdt, 33 NY2d 75, 88; Larkin v Nassau Elec. R.R. Co., 205 NY 267, 269). A "'direct and positive contradiction'" is not required: "'[i]t is enough that the testimony and the statements are inconsistent and tend to prove differing facts'" (People v Wise, 46 NY2d at 326, quoting Larkin v Nassau Elec. R.R. Co., 205 NY at 269). In case of doubt regarding whether an allegedly contradictory statement may be admitted for impeachment purposes, "the balance should be struck in favor of admissibility, leaving to the jury the function of determining what weight should be assigned the impeachment evidence. Applied in this fashion, the law of previous contradictory statements will advance rather than impede the truth-seeking [*2]process" (id. at 327).
Here, the witness's inability to recall his prior testimony was insufficient to lay a foundation for impeachment using prior inconsistent statements because it did not "tend to prove differing facts" from his earlier more definite testimony (id. at 326 [internal quotation marks omitted]; see People v Ayala, 121 AD3d 1124, 1125; Edmonds v Quellman, 277 AD2d 579, 581; People v Eli, 250 AD2d 418, 418-419; Varela v Previti, 64 AD2d 560). "When a witness testifies under oath that he or she cannot recollect a particular fact, his or her prior statement as to that fact is inadmissible as a prior inconsistent statement" (Edmonds v Quellman, 277 AD2d at 581; see People v Ayala, 121 AD3d at 1125; People v Eli, 250 AD2d at 418-419; Varela v Previti, 64 AD2d 560; see also 34 NY Jur 2d, Criminal Law: Procedure § 2385).
The defendant's contention that his constitutional rights were violated by the admission of autopsy records through a medical examiner who did not perform or observe the autopsy is waived. The defendant's counsel assented to that medical examiner's testimony upon the Supreme Court's instruction to make clear that the medical examiner did not perform the autopsy and that his testimony was based on his review of autopsy photographs (see People v Rodriguez, 50 NY2d 553, 557; People v Borgella, 189 AD3d 872, 872; People v Armstrong, 138 AD3d 877, 878-879; People v Ramos, 127 AD3d 996, 997). In any event, even if the defendant had not waived this contention, the defendant's constitutional rights were not violated, as the court's instruction ensured that the People met their obligation to "establish that their testifying experts, who did not perform or observe the relevant autopsy, reached their conclusions themselves based upon a review of the proper materials rather than the conclusions of the performing examiner" (People v Ortega, 40 NY3d 463, 478; see Bullcoming v New Mexico, 564 US 647, 661-662; People v John, 27 NY3d 294, 308-309).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court