JAMES A. O'CONNOR, as Administrator, etc., of HENRY WILLIAMS, Deceased, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, May 20, 1925.

Witnesses — contradiction — inconsistent written statement — genuine contradictory statement admissible in entirety unless specific portions are objected to — Appellate Division may reverse for error in refusing admission, though statements are not in record, where sufficient appears to show that, in part at least, statements were contradictory — party offering statements not required on general objection to offer only contradictory part of statements — objection must be to specific part.

A genuine written statement contradicting the testimony of a witness may be offered in evidence in its entirety as a part of the case of the party offering it, unless objection is made to some specific part thereof, in which case irrelevant or incompetent portions will be excluded and only the balance received and read into the record.

The Appellate Division may reverse on the ground of error in refusing admission to contradictory statements, although the statements offered are not a part of the record, where enough appears to show that the statements did contain contradictory matter.

A general objection to the admissibility of contradictory statements is not sufficient, and the party offering the statements in evidence is not required thereunder to select those parts of the statements which are contradictory and in conflict with the testimony of the witness, and the refusal of the court to admit the statement in evidence under a general objection, unless the counsel for the party does make a selection, constitutes reversible error.

TAYLOR, J., dissents, with memorandum.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 26th day of December, 1924, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 27th day of January, 1925, denying defendant's motion for a new trial made upon the minutes.

*Raymond C. Vaughan* [*Mark N. Turner* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou* [*William J. Flynn* and *Hamilton Ward* of counsel], for the respondent.

PER CURIAM:

Where a witness for an adverse party has made a written statement containing matter inconsistent with his testimony, such written statement, after its genuineness has been established, either by the admission of the witness or other legal proof, may be put in evidence in its entirety as a part of the case of the party offering it, unless objection is made to specific portions of the statement as irrelevant or incompetent, in which case the irrelevant or incompetent portions should be excluded and only the balance received and read into the record. (*Larkin* v. *Nassau Elec. R. R. Co.*, 205 N. Y. 267; *Hanlon* v. *Ehrich*, 178 id. 474; *Gaffney* v. *People*, 50 id. 416, 422; *Romertze* v. *East River Nat. Bank*, 49 id. 577.)

While the record in the present case does not contain the statements of the witnesses Dale F. DeWire and Josephine DeWire, enough appears to show that such statements contain matter relating to the occurrence which gave rise to the action in conflict with the testimony of the witnesses given at the trial. In this respect the case resembles *Hanlon* v. *Ehrich* and *Romertze* v. *East River Nat. Bank* (*supra*), in each of which cases the exclusion of the statements was held error, despite the fact that the statements themselves were not before the appellate court.

The practice followed by the defendant's counsel was strictly in accordance with the above-stated rule. Although the learned trial court repeatedly advised counsel that he might read the contradictory portions of the written statements and the plaintiff's counsel stated that his objection was directed only to such portions of the statements as were not contradictory, nevertheless, the plaintiff's counsel failed to point out what portions of the statements he considered contradictory and what not contradictory and even declined to make the attempt to agree with defendant's counsel in this matter. Neither did the learned trial court undertake to rule as to what portions of the statements were and what were not contradictory. The general objection did not require the court to do this. Under such circumstances the defendant's counsel was entitled to place the entire statement in evidence. The suggestion that he might read all contradictory matter without any indication as to what was and what was not deemed contradictory put a burden upon him which, under the rule, he was not required to assume. The court's ruling, therefore, resulted in

erroneously excluding the entire statements. The error resulted in denying to the defendant a substantial right.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur, except TAYLOR, J., who dissents in a memorandum. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

TAYLOR, J. (dissenting):

I dissent and vote for affirmance for the following reasons:

The cases cited in the prevailing opinion do not require a reversal. In *Hanlon* v. *Ehrich* (178 N. Y. 474), which seems to be much relied on by appellant, the result arrived at is nothing more than that the trial court erred *in declining to admit in evidence at all* three written statements contradictory of the trial testimony of their respective signers, one of which statements had been read in part to the jury. We find it stated in opinions of the courts of this State that under the circumstances presented in each particular case a written statement contradictory of a witness testifying at a trial should be received in evidence in its entirety. The general reason for this is quite apparent. It is simply a matter of according to the party who attacks the credibility of a witness the full benefit of such a statement as proof that the witness should not be believed, however that may be accomplished. When such a document is in evidence it is usual and good practice to read it to the jury.

In the instant case the signed statement of the witness Dale F. DeWire, the only one offered in evidence, was admittedly correct except as to two details. Concerning those details appellant's counsel cross-examined the witness fully. The written statement was before the court. The receipt of the whole document in evidence was a matter resting in the sound discretion of the court. (Wigm. Ev. [2d ed.] § 2102.) Appellant's counsel was advised that he might offer in evidence and read to the jury any portion of the statement which he claimed tended to contradict the testimony of the witness on the stand. In all fairness this was equivalent to allowing the whole statement to be admitted in evidence; for " any portion " meant the whole statement, if·the reading of it all became appropriate for completely developing its contradictory character.

The appellant has been deprived of no substantial right. There was no error in the ruling of the trial court demanding that plaintiff should go to the expense and trouble of retrying the case.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.