EMMA FOWLER, as Administratrix, etc., of LEWIS FOWLER, Deceased, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, June 29, 1926.

Street railways — crossing accident — action for death of plaintiff's intestate who was killed when electric car struck motor truck stalled on railroad track at crossing — instructions — not harmful error to charge that defendant was under duty chargeable to high-speed railroad running on its own right of way — no error in charge as to contributory negligence and damages — erroneous exclusion of written statement by plaintiff's witness used on cross-examination not harmful — contributory negligence for jury.

In an action to recover for the death of plaintiff's intestate, it appears that the motor truck which the intestate was driving stalled on the defendant's track at a crossing as one of its cars was approaching at a distance of from 350 to 500 feet, and that no effort was made by the defendant's servants to give warning or to check the speed of the car until it was within about 5 feet from the truck. The defendant cannot complain of a charge by the court to the effect that the measure of care on the part of the defendant was that applicable to a high-speed railroad line operating on its own right of way, for there is some doubt as to whether or not the defendant was not subject to that degree of care chargeable to urban street railways.

A charge requested by the defendant to the effect that if the jury should find on the evidence that decedent knew a car was approaching and remained on the truck for the purpose of saving the truck from destruction, having an opportunity to save himself, there could be no recovery, might well have been refused, since there was no evidence to show whether the decedent remained on the truck to save it from destruction or for the purpose of saving the lives of those in the trolley car, and, therefore, it was not error for the court, in charging

as requested, to make the additional statement that the same degree of care is not required in an emergency that is otherwise required.

Since the effect of the entire charge of the court on the question of damages is that the jurors were told that the yearly earnings of the decedent multiplied by the number of years of his life expectancy furnished a potential basis from which, using their common sense and experience in such matters, they could estimate the pecuniary loss to the widow and two children as the result of the decedent's death, the charge was not erroneous in this respect.

Although it was error for the court to exclude a written statement made by one of plaintiff's witnesses which had been used on cross-examination, nevertheless the error was not harmful to the defendant, since whatever contradictions there were in the statement were made clearly apparent to the jury on the oral examination, and since there was ample testimony by other witnesses on the subject-matter involved in the contradictions.

The question of contributory negligence was properly submitted to the jury and its verdict is not against the weight of the evidence.

HUBBS, P. J., dissents.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 5th day of February, 1926, upon the verdict of a jury for $7,510, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Cohn, Chormann, Franchot, Runals & Robillard* [*Clarence R. Runals* of counsel], for the appellant.

*Watts, Hunt & Findlay* [*William L. Hunt* of counsel], for the respondent.

CROUCH, J.  Buffalo avenue, in the city of Niagara Falls, runs east and west.  It is sixty-six feet wide; the south twenty-nine feet is paved, with a curb on both sides.  The northerly portion of the street, north of the north curb, is occupied, under a franchise from the city, by the defendant with a double-track line.  North of this line, and parallel with it, lie the double tracks of the New York Central, then the single track of the Erie, and then the International high-speed right of way.  North of this series of tracks lies what is known as the Echota section of Niagara Falls.  Leading from Buffalo avenue north across all the tracks to Echota is a crossing commonly known as E street, or Half-way Crossing, which has been commonly used for thirty years by people coming to and going from Echota, although regular highways furnish the ordinary ways of approach.  At the intersection of this crossing with the paved portion of Buffalo avenue, the northerly curb of the latter is cut away for a width of thirteen or fourteen feet.  The first rail of the south or east-bound track of defendant is two feet and two inches north of the northerly curb of Buffalo avenue.

Shortly after twelve o'clock noon on October 5, 1925, a clear, bright day, decedent, with a companion, was driving an automobile truck westerly on Buffalo avenue on his way to his home in Echota. When he came to the entrance of Half-way Crossing he turned his truck to his right to drive across the tracks. The view to the west was clear for a long distance. At the time decedent started to cross the tracks, a car of the defendant was approaching at a speed of from thirty to thirty-five miles an hour from the west, and at that moment was distant, as the jury could find, anywhere from 350 to 500 feet. For some unexplained reason the truck came to a stop directly across the tracks upon which the car was approaching. There is testimony by two witnesses that the truck, after coming to a stop, moved forward a foot or two, and then fell back to its original position. There was evidence from which the jury could find that at this moment the approaching car was distant 350 feet or more; that under the conditions then existing, it could have been stopped within 200 feet; that no warning was given of the approach of the car, and that no effort was made to apply the brakes until the car was about 5 feet from the truck. The car hit the truck squarely, pushing it along in front for a distance of upwards of 100 feet before stopping. Both occupants of the truck were killed. Plaintiff had a verdict, and defendant appeals.

It is contended that the trial judge erred in charging the jury on the question of defendant's negligence. Whether, under all the circumstances of the case, the duty resting upon defendant was that owing by a high-speed railway operating on its own right of way, or that owing by an urban street railway, might well have been a matter of doubt. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300.) However, the trial judge, both in the main charge and in answer to requests made by defendant's counsel, plainly adopted the view that the measure of care was that applicable to a high-speed line. With that view defendant can have no quarrel. The jury was told that if the motorman, in the exercise of ordinary care, could have seen the truck *on the tracks* in time to have stopped and did not stop, defendant was negligent. The court also charged that the only duty imposed on the motorman was the exercise of that degree of care and caution which would be exercised by a person of ordinary care and prudence in the same position as the motorman. The average juror who had heard the evidence and argument on the trial would probably have understood the charge to mean that if, in the exercise of ordinary care, the motorman could have stopped the car after he saw the truck stalled and in such evident trouble that a collision was probable, and failed to do so, the defendant might be held negligent. In any event, since no exception was

taken, we may assume that counsel for defendant understood it as stating the correct rule.

Other matters are pressed to our attention as ground for reversal. The court was asked to charge that if the jury should find from the evidence that decedent knew a car was approaching and remained in the truck for the purpose of saving the truck from destruction, having an opportunity to save himself, there could be no recovery. This was charged with an additional statement that the same degree of care is not required of a man in an emergency that is otherwise required. The requested charge might have been refused altogether, since there was no evidence to show whether decedent remained in the truck to save it or to save the lives of those in the car, endangered by the possibility of collision.

Error is also claimed in that part of the charge to the jury dealing with damages. It may be admitted that the court's reference to an award to plaintiff for " loss of earnings " was inaccurate. It seems reasonably clear, however, that when all the court said on the question of damages is read together, the jurors were told merely that the earnings of decedent per annum, multiplied by the number of years of his life expectancy, furnished a potential basis from which, using their common sense and experience in such matters, they could estimate the pecuniary loss to the widow and two children as a result of decedent's death. The amount of the verdict indicates that there was no misapprehension on the part of the jurors.

There is also an exception to a ruling which excluded a written statement made by one of plaintiff's witnesses which had been used on cross-examination. All necessary foundation had been laid for its admission. The ruling was error. (*O'Connor* v. *International Railway Co.*, 213 App. Div. 411.) In view, however, of the fact that whatever contradictions there were had been made clearly apparent to the jury on the oral examination, and that there was ample testimony by other witnesses on the subject-matter involved in the contradictions, we think that no harm was done and the error may be disregarded.

Finally, on the question of contributory negligence, it is enough to say that the matter was for the jury and that the verdict is not against the weight of the evidence.

The judgment and order should be affirmed, with costs.

Clark, Davis and Taylor, JJ., concur; Hubbs, P. J., dissents on the law and votes for reversal.

Judgment and order affirmed, with costs.