MARCEL FRENKEL, Plaintiff, *v.* KRESS TAXI, INC., et al., Defendants.

Supreme Court, Special Term, New York County, August 18, 1955.

*Leon Marcus* for plaintiff.

*Goldman & Goldman* for defendants.

*James A. Doherty* for General Fire and Casualty Company, *amicus curiæ.*

*E. Edan Spencer* for Public Service Mutual Insurance Company, *amicus curiæ.*

*Jerome Heffer* for Empire Mutual Insurance Company, *amicus curiæ.*

MARKOWITZ, J. Plaintiff in this negligence action moves for an order severing the action against the individual defendant Keenan, and directing a hearing for the assessment of damages because of said defendant's allegedly willful and deliberate default.

Keenan, a cab driver for the codefendant, Kress Taxi, Inc., was involved in an accident with plaintiff on February 8, 1954.

Both defendants were duly served with a summons and complaint. Kress Taxi, Inc., interposed an answer and counterclaim but defendant Keenan to date has not answered. Obviously, Keenan is no longer employed by Kress Taxi, Inc.

It is urged by the attorneys representing the taxicab company that the motion for severance be denied and that the court grant leave to the said attorneys to verify and submit an answer on behalf of the defaulting driver. In support of this request the attorneys state that a written statement signed by the driver indicates that he had been driving carefully and that the plaintiff was negligent. Defendant's attorneys feel that this statement given by the driver Keenan impliedly authorizes them to represent him in any ensuing litigation. The somewhat dubious merits of this latter contention need not now be considered as I do not feel that the procedural requirements necessary in an application for extension of time to answer have been complied with in this motion.

Defendant Kress Taxi, Inc., and the attorneys representing the insurance company contend that to grant plaintiff's request would be prejudicial to their rights. Section 96 of the Civil

Practice Act reads: "*Consolidation and severance of actions* * * * An action may be severed and actions may be consolidated whenever it can be done without prejudice to a substantial right."

Section 17 of the Vehicle and Traffic Law compels all taxicab and similar companies to file with the Commissioner of Motor Vehicles a bond or insurance policy for the benefit of any person who recovers a judgment for personal injuries or property damage. In 1951, the section was amended to provide that this coverage also applied to the operator of the vehicle. (L. 1951, ch. 268.)

Under this statutory insurance the carrier does not have the right to disclaim liability because of the complete lack of co-operation of the assured as it may under the usual types of liability insurance.

The situation thus presented is that if the requested severance is granted the plaintiff will obtain a default judgment against the driver Keenan, sue on the bond and may collect from the insurance company without the insurance company and defendant Kress Taxi, Inc., having had any opportunity to defend on the merits as to the defaulting defendant Keenan.

Although, legally an insurance carrier or bonding company is not a party to the action where a policy or bond has been issued to a party defendant, nevertheless, realistically, it cannot be denied that where a statute compels them to respond financially, they have at least an equitable interest in the matter.

Attorneys for other insurance companies representing taxicabs have asked leave to appear *amicus curiæ*, which leave is hereby granted.

Plaintiff relies on the case of *Devlin* v. *New York Mut. Cas. Taxicab Ins. Assn.* (213 App. Div. 152), as authority for the relief he seeks. In that case the court held that the carrier, having deliberately allowed the damages to be assessed and the judgment to be entered, could not collaterally attack the final judgment. In the case at bar the lawyers representing the insurance carrier have made every effort to obtain a verified answer from the defendant Keenan and are fully prepared to defend the other defendant Kress Taxi, Inc. Thus the instant case is distinguishable from *Devlin* v. *New York Mut. Cas. Taxicab Ins. Assn. (supra)*.

I feel that granting the proposed severance so that plaintiff could immediately proceed to take an inquest and default judgment would strongly prejudice a substantial **right of both the** named corporate defendant and the shadowy but nonetheless

present insurance company, and would be obviously inequitable. Incidentally, situations such as this also may lend themselves to the possibility of fraud and collusion. It is always possible that before the date of trial Keenan might be available and verify an answer and on a proper showing the court might well be disposed to allow the filing of such late pleading.

The denial to the plaintiff of his request for a severance should, nevertheless, not be allowed without considering certain rights of the plaintiff that should be preserved. There has been no showing that absent the insurance coverage defendant Harry Keenan is not financially responsible. Plaintiff may well prove damages far in excess of the coverage afforded by the statutory bond. An even more cogent consideration is the equally inequitable position of requiring plaintiff to wait several years before proceeding against the defaulting defendant and until the case against the appearing defendant comes on for trial.

Under all of the circumstances, I am constrained to deny plaintiff's motion for a severance, without prejudice to a renewal by the plaintiff at the time of trial, however, on condition that the case be advanced to and set for the October 24th day calendar. The corporate defendant's motion for permission to file an answer on behalf of Harry Keenan is likewise denied at this time.

Settle order on one day's notice.