Domenick L. Gabrielli, J.
In this action for negligence, plaintiff moves for an order severing the action against the individual defendant, Peone, and for a hearing on the assessment of damages because of the individual defendant’s default in answering.
The plaintiff was injured in an accident while a passenger in the truck owned by the defendant Olin Construction Co., Inc., and being operated by its employee, the defendant Peone,
*699 A severance may be granted in certain situations such as this, pursuant to CPLR 603 when, in the discretion of the court, it appears it will not prejudice a substantial right. The situation presented upon this application is that if the requested severance is granted, it is probable that the plaintiff will obtain a default judgment against the driver Peone, sue the carrier of the other defendant; and it is possible that it may have to respond financially, without having had an opportunity to defend on the merits. The court is not unmindful of the fact that legally the insurer is not a party to the action, nevertheless, realistically, it cannot be denied that where a statute (Insurance Law) compels them to respond financially, they at least have an equitable interest.
If, as in Kilpatrick v. Maya (14 A D 2d 751), the employer-owner should be found liable, such liability would be derivative. The amounts awarded as damages against each defendant should, therefore, be the same. The court, in denying similar relief in Kilpatrick, stated that: “A severance at this time might well produce a contrary result and ought not be granted.” This very possibility exists in the present case. (See, also, Frenkel v. Kress Taxi, 208 Misc. 374.) Incidentally, situations such as the one presently before the court may also lend themselves to the possibility of collusion, which the court hastens to add is not here present. However, it provides an additional reason for a finding that the granting of the requested relief might prejudice a substantial right of the parties.
Under all the circumstances, the court is constrained to deny the motion for a severance, without prejudice to a renewal thereof at the time of trial when the rights of all parties may be preserved by the trial court prior to the commencement of the trial.