Richard Arohsoh, J.
In an action brought by plaintiffs to recover damages for injuries to their persons and property as a result of the alleged negligence of the defendants, plaintiffs move for an order adjudging the defendant, Mark Gibson, to be in default, and directing that an inquest be held for the purpose of assessing the damages and also for an order granting the plaintiffs leave to proceed with the trial of the action against the defendant, James Pucello.
According to the complaint, the plaintiff’s vehicle was involved in an accident with a vehicle owned by the defendant Pucello, which was allegedly being operated at the time by the defendant Gibson with the knowledge, consent and in the business of the owner. The default on the part of the defendant Gibson stems from the fact that the owner’s insurer refuses to defend the driver because it claims that he was operating the vehicle without the consent or permission of Pucello, the owner, who also denies that the vehicle was driven with his consent or knowledge or in his business.
According to both the affidavit of the attorney for the owner and the police report, the Pucello vehicle had been stolen just prior to the accident and the driver thereof had fled the scene. Later at a hospital the defendant Gibson was identified as the driver of the Pucello vehicle by an eye witness to the accident.
Upon the argument of the motion it became known that the defendant Gibson is an infant, whereupon this court appointed an attorney as his guardian ad litem who has advised the court that he has demanded that the owner’s insurance company defend the infant driver but the company still refuses to do so.
The defendant Pucello opposes this motion in all respects on the ground that the granting of the motion would be prejudicial to him.
*715 CPLB, 603 provides: “ In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others.”
The defendant Pueello in support of his position, relies upon Kilpatrick v. Maya (14 A D 2d 751), in which the court denied the application for a severance stating: “A severance at this time might well produce a contrary result and ought not he granted.” However, it should be pointed out that the Kilpatrick case involved an employer-employee relationship rather than a driver-owner relationship, and, therefore, it is distinguishable for reasons hereafter set forth.
Although in this case the owner’s insurance company has been given full opportunity to defend the driver and is under a legal duty to do so (Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y., 297 N. Y. 148, 153), it has steadfastly denied the driver a defense, claiming that the driver does not qualify as an insured under the provisions of the owner’s policy. Having refused to defend the driver, who is now in default, it asserts that it will be prejudiced if the plaintiffs ’ motion for a severance is granted so that they may proceed with an inquest to assess the plaintiffs’ damages as against the driver.
It is true that in this action any liability attributable to the owner would be strictly derivative and the amounts awarded against each defendant would he the same, and that upon the inquest the owner’s carrier, because of its refusal to defend the driver, will not have the opportunity to refute the testimony touching upon the extent of the injuries sustained by the plaintiffs. Consequently, it is conceivable that the amount of the judgment upon the inquest may differ from that which a jury might award in the action against the owner which his carrier wiE defend. The defendant owner claims that this constitutes prejudice. However, the possibility of inconsistent verdicts arises not because of the severance which may result from this motion hut solely by virtue of the refusal of the owner’s insurance company to defend the driver and, therefore, any prejudice Avhich may attend such a severance can only he attributed to the company’s own inaction (Mireider v. New Hampshire Fire Ins. Co., 24 Misc 2d 765). The company’s duty to defend is much broader than its duty to pay a verdict which might be returned against those it insures, its duty to defend being dependent upon the allegations of the complaint (Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y., supra).
*716 It is plainly foreseeable that in the event this motion is granted, an inquest will be held and a judgment entered against the driver by the plaintiffs, who will thereafter bring an action pursuant to section 167 of the Insurance Law directly against the carrier to attempt to collect its judgment against the driver. In that action the defendant Pucello will still be afforded the opportunity to raise and litigate the question of permissive use (Manard v. Hardware Mut. Cas. Co., 12 A D 2d 29, mot. for rearg. or for lv. to app. den. 12 A D 2d 891; Mireider v. New Hampshire Fire Ins. Co., supra); therefore, the defendant Pucello cannot claim prejudice on the ground that he will be deprived of the opportunity to assert and litigate the issue of permissive use, even if a severance is permitted.
The court is familiar with the decision of Justice Gabrielli in the case of Young v. Peone (47 Misc 2d 698) but in view of the authorities hereinabove cited, the court is constrained to disagree with the conclusions stated in the Young case. Kilpatrick v. Maya (14 A D 2d 751, supra) is distinguishable on the ground that unlike a driver-owner case, the question of derivative liability cannot be later litigated. Frenkel v. Kress Taxi (208 Misc. 374), cited by the defendant Pucello, is inapposite to the case at bar because it involves a taxicab liability policy, the provisions of which differ with respect to derivative liability from those contained in the policy under consideration herein. Rogonia v. Ferguson (52 Misc 2d 298) and Sonnenthal v. Hodes (11 A D 2d 645) are also distinguishable from the case at bar on their respective facts.
The court finds that no prejudice will result to the defendant Pucello if the plaintiffs’ motion is granted, other than that which may flow from the carrier’s arbitrary and unjustifiable refusal to defend the defendant driver and, therefore, the court in its discretion grants the plaintiffs’ motion, without costs.