J. Bobert Lyhch, J.
The plaintiff moves for summary judgment in this action to recover the purchase price he paid, the defendant for 450 shares of stock which the defendant has never delivered. The defendant’s letter agreement with the plaintiff, dated November 5, 1969, acknowledged receipt of payment and stated ‘ ‘ that the Certificate representing said shares will be issued to you as soon as same is received by me from said company ”. It is the defendant’s position that he is not obligated *845 to deliver the stock until he has received it from the company, Advanced Terminals, Inc., no matter how long that may he. The plaintiff contends that the defendant had a reasonable time to deliver and that the time which has passed exceeds reason.
The testimony of the defendant at an examination before trial reveals that he was offered 500 shares of stock of the company by a Robert. Malowski who held 1,000 shares of the original issue; that he accepted Malowski’s offer; that it was this 500 shares that he had in mind when he sold the 450 shares to the plaintiff. He further testified that he has never asked Malowski for the 500 shares so as to be able to make good his agreement with the plaintiff nor has he made any effort of any kind to obtain the stock himself.
The defendant did not agree to deliver the stock to the plaintiff within a reasonable time of the date of his letter, November 5,1969. He agreed to deliver the stock as soon as he received it. However, he may not escape his obligation and prevent the happening of the condition precedent by failing to demand the requisite stock to which he says he is entitled. In view of the fact that the letter agreement did not specify a date by which the defendant must have received the stock in order to transfer it to the plaintiff we are of the opinion that the parties to the agreement contemplated that the defendant would receive it within a reasonable time after the making of the letter agreement. (Acreage Estates Co. v. Shelley, 275 App. Div. 842.)
What constitutes a reasonable time is usually a question of fact (Schmidt v. Reed, 132 N. Y. 108; Phillips v. Oltarsh, 273 App. Div. 715, affd. 298 N. Y. 835) but where, as here, there are no disputed facts, what is a reasonable time becomes a question of law and summary judgment is proper (Gulf Oil Corp. v. Buram Realty Co., 11 N Y 2d 223; Greenwich Bank v. Hartford Fire Ins. Co. of Hartford, Conn., 250 N. Y. 116).
Under these circumstances, where the defendant claims the right to have received from another the stock necessary to fulfill his agreement with the plaintiff and fails to have even demanded it since the agreement was made in November of 1969, the lapse of time is unreasonable.
Summary judgment must be granted to the plaintiff.
Submit an order accordingly.