Willard W. Cass, Jr., J.
This is a motion by the plaintiffs for summary judgment. The defendant also seeks summary judgment and has submitted a cross motion therefor.
From the papers submitted the following facts appear to be established and uncontroverted.
The plaintiff contractors submitted a bid to perform the general construction work for a proposed sewage treatment plant. The bid was in the amount of $7,599,293 and was submitted by the deadline imposed by the defendant, City of Dunkirk, of August 31, 1971. When the bids were opened, three other bids were also submitted. They were as follows:
Scufari Construction Co. — $9,761,940.
Hendrich Construction, Inc. — $9,975,160.
Jones-Lewis Construction Co., Inc. and Vincent J. Smith,
Inc., joint venture contractors — $10,430,000.
On September 1, 1971, the plaintiff contractors sent a telegram to Havens and Emerson, consulting engineers for the City of Dunkirk, with regard to the sewer plant project, stating that they believed their bid contained major mistakes. On September 10, 1971 another telegram was sent to Havens and Emerson stating a major mistake had been made in estimating the labor costs due to unusual labor conditions in the Buffalo area. The telegram further stated their bid was to be considered withdrawn. With their bid, the plaintiffs had submitted as required by the bidding specifications a bid bond in the amount of 5% of the base bid. The bond was issued by the plaintiff, Continental Insurance Company.
On October 19, 1971, the Common Council of the City of Dunkirk met and accepted the plaintiff’s construction bid and the plaintiff contractors were so advised of this by a letter sent the following day.
Subsequent communication between the plaintiff contractors and the defendant City of Dunkirk failed to resolve the differences between the parties and on November 17,1971 the defendant notified the plaintiff contractors and the plaintiff surety that the plaintiff contractors were in default for failure to *1044 execute the contract. A demand was made for the payment of the face amount of the bid bond. Payment, however, was refused.
On December 21, 1971 new bids were submitted and the contract for the construction of the sewer treatment plant was awarded to a construction firm in Pontiac, Michigan in the amount of $9,516,997.
The plaintiffs have commenced an action asking the court to declare the legal rights and relations of the parties and specifically declaring the plaintiff contractors’ bids revoked. The defendant city answered and submitted a counterclaim in the amount of $2,667,704. This is the amount of its alleged damages resulting from the plaintiff contractors’ failure to execute the contract to construct the sewer treatment works in accordance with the amount of its bid. The plaintiffs and the defendant have both moved for summary judgment.
The prime contention of the plaintiff contractors is that their bid is of no effect as it was withdrawn pursuant to section 105 of the General Municipal Law. That section provides as follows:
“ § 105. Disposition of deposit accompanying bid. 1. Notwithstanding any inconsistent provision of any general, special or local law, whenever as a condition precedent to the reception or consideration of a bid for furnishing supplies, materials or equipment or performing work for a political subdivision or any officer, board or agency thereof or of any district therein, a deposit of a certified check, money, bonds or other obligations is required, a person or corporation submitting a bid may withdraw the same if no award of the contract be made within forty-five days after the receipt thereof, and upon such withdrawal such deposit shall be forthwith returned. A certified check, money, bonds or other obligations or security deposited to secure a bid shall be retained under the jurisdiction and control of the officer, board or agency with which the deposit is made, until returned to the bidder or forfeited.”
There is no question that the bid was not accepted within the 45 days provided, as the bids were to be submitted by August 31, 1971 and the award of the contract was not made until October 20, 1971. There is also no question that the bid was withdrawn. See the telegram dated September 10, 1971 so stating attached to the defendant’s motion papers. Further, there is no question that a bid bond was required by the bidding specifications and was, in fact, given by the plaintiff contractors.
The defendant, however, contends that section 105 of the General Muncipal Law was rendered inoperative by a provi *1045 sion of the bidding specifications which provides that bids shall not be subject to withdrawal for a period of 75 days after receipt. This provision in its entirety provides as follows:
“Proposals for the work covered by this contract may be held by the City for a period of seventy-five (75) days after receipt of proposals and shall continue in full effect and not be subject to withdrawal during that period until a contract has been executed with another bidder. If no contract has been executed within the 75-day period, any proposal may be withdrawn or nullified by the party or parties submitting the same but in the absence of such action shall be deemed to be confirmed and extended in time for as long as permitted by the proposers thereof.”
It is the defendant’s position that the above provision is controlling rather than section 105 of the General Municipal Law, and since the award was made within the 75-day period provided, a binding contractual relationship was established from which the plaintiff contractors may not withdraw.
It is thus obvious that a question exists as to whether or not the 45-day limitation enunciated in section 105 of the General Municipal Law may be extended by a contractual relationship between the plaintiff contractors and the defendant City of Dunkirk.
This question is one of first impression as there appears to be no prior guidance by the courts or Legislature. The court must, therefore, look to the phraseology of the statute for guidance.
The statute begins with the following language: “Notwithstanding any inconsistent provision of any general, special or local law”. It is thus apparent from the language employed that the Legislature intended to prevent local municipalities from changing the provisions of section 105 of the General Municipal Law. Presumably this was done to achieve a Statewide uniformity with regard to bidding on local municipal public improvements. (See General Municipal Law, § 100-a.) In view of this, it does not seem logical to permit a local municipal body to circumvent the provisions of section 105 of the General Municipal Law by contract when the municipality would be powerless to do so in any other way. It may be desirable in some instances to permit municipalities to retain bids longer than 45 days. This, however, is a decision that the Legislature will have to make.
The court, therefore, holds that the 45-day period provided in section 105 may not be extended by contract.
As the award was not made within the 45-day period, it was subject to withdrawal. The notice of withdrawal given by tele *1046 gram was effective even though given prior to the expiration of the 45-day period as it was obviously intended to continue should no award be made within the 45-day period.
The plaintiffs’ motion for summary judgment declaring the plaintiff contractors ’ bid effectively withdrawn is granted. The defendant shall return the bid bond to the plaintiff contractors as required by section 105 of the General Municipal Law. In view of this decision, there is no necessity to rule upon the other aspects of the plaintiffs’ motion. The cross motion of the defendant for summary judgment is denied. No costs shall be allowed to either party.