find no merit to matters raised by this appeal from a judgment of conviction entered February 19, 1942. (*People* v. *Nixon,* 21 N Y 2d 338, 352.) On the issue of lack of minutes, see *People* v. *Halko* (37 A D 2d 916). (Appeal from judgment of Erie County Court convicting defendant of grand larceny, second degree, *nunc pro tunc* as of February 2, 1942.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Henry, JJ.

■ LOUIS J. CASSELLA, Respondent, v. CHARLES F. KEIL, Appellant.— Judgment and order unanimously affirmed, with costs. (See *Murphy* v. *Keil,* 40 A D 2d 749, decided herewith.) (Appeal from judgment and order of Herkimer Special Term, granting summary judgment in action to rescind contract.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Henry, JJ.

■ JOHN GIARDINA, SR., as Parent of JOHN GIARDINA, JR., et al., Plaintiffs, v. DOROTHY LIPOWICZ, Respondent, and LEO LEVINE, Doing Business as MARK MOTOR SALES, et al., Appellants, et al., Defendant.— Order unanimously affirmed, with costs. (See *Dole* v. *Dow Chem. Co.,* 30 N Y 2d 143.) (Appeal from order of Erie Special Term denying motions to dismiss cross claims in automobile negligence action.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Henry, JJ.

■ MORTIMER P. GALLIVAN et al., Respondents, v. JAMES PUCELLO, Appellant, et al., Defendant. (Appeal No. 1.) — Order unanimously affirmed, with costs. (See *Gallivan* v. *Pucello,* 38 A D 2d 876.) (Appeal from order of Onondaga Special Term severing action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ. [68 Misc 2d 713.]

■ MORTIMER P. GALLIVAN et al., Respondents, v. JAMES PUCELLO, Appellant, et al., Defendant. (Appeal No. 2.) — Order unanimously affirmed. (See *Gallivan* v. *Pucello,* 38 A D 2d 876.) (Appeal from certain parts of order of Onondaga Special Term denying motion to vacate order granting severance.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ. [68 Misc 2d 713.]

■ JACK R. MURPHY, Respondent, v. CHARLES KEIL, Appellant.— Judgment unanimously affirmed, with costs, upon the opinion at Special Term. (Appeal from judgment of Oneida Special Term granting summary judgment in action to rescind stock purchase agreement.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ. [71 Misc 2d 844.]

■ HUNKIN-CONKEY CONSTRUCTION Co. et al., Respondents, v. CITY OF DUNKIRK, Appellant.— Judgment affirmed, with costs upon the opinion at Special Term. (Appeal from judgment of Chautauqua Special Term granting motion for summary judgment revoking bid.) Present — Goldman, P. J., Marsh, Witmer, Cardamone and Henry, JJ. [69 Misc 2d 1042.]

# (October 26, 1972)

■ HARRY E. UNDERWOOD, SR., et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 51017.) — Judgment unanimously affirmed, with costs. Memorandum: On this appeal from a judgment awarding damages for the appropriation of a strip of land approximately one foot by 290 feet the State challenges only that portion of the award that represents consequential damages. The area originally owned by claimants was located between Interstate Route 81 and New York Route 281, immediately south of the point where the off ramp of Route 81 joined the State highway. Prior to the appropriation it had frontage on Route 281 beginning at the ramp; after the appropriation