■ A. R. Fuels, Inc., Appellant, v City of New York, Respondent.— Judgment, Supreme Court, New York County, entered July 26, 1979, granting defendant city's motion for summary judgment, denying the plaintiff's cross motion for summary judgment, declaring the existence of a contract dated May 25, 1979 under which plaintiff was obligated to furnish and deliver fuel oil, and directing specific performance of the contract, reversed, on the law, without costs, the city's motion for summary judgment is denied, and plaintiff's cross motion for summary judgment declaring that it is not obligated under the contract is granted. Appeal from order of August 3, 1979 denying reargument is dismissed as nonappealable, without costs. The dispositive issue on this appeal is whether that provision of the city's standard form of contract, which permits a bidder required to furnish a security deposit to fix a shorter period for withdrawal of the bid than 45 days, violates section 105 of the General Municipal Law, which provides in substance that such a bidder may withdraw its bid and receive and secure forthwith return of the security deposit if no award of a contract is made within 45 days. We perceive no conflict between the challenged provision of the standard form of contract and the statute and, accordingly, hold that plaintiff's withdrawal of its various bids, communicated after the 30-day period that it fixed, and prior to the 45-day period, was timely and legally effective. On April 24, 1979, plaintiff submitted bids on various items of a requirements contract to furnish fuel oil to the city for a one-year period commencing on July 1, 1979. As required by the contract, an appropriate security deposit was submitted. Some days later, the city contends, and plaintiff does not deny, the plaintiff submitted by telephone a bid on another item, it being understood that the terms and conditions of the original contract were to apply. A provision of the contract, apparently one that has been standard for some 30 years, authorized the bidder to limit the period of acceptance to a period shorter than 45 days, with a caution that the city would find it difficult to consider any offers where the period of acceptance was unreasonably limited. Plaintiff designated a 30-day period. In a letter dated May 24, 1979, signed by plaintiff's president, and delivered by hand on May 25, the plaintiff withdrew all bids submitted in connection with the contract. On May 25, the city mailed a notice of award with regard to various items of plaintiff's bid. On May 31, 1979, plaintiff commenced a declaratory judgment action requesting, as here pertinent, that a judicial determination be made declaring that no contractual obligation existed between the parties. By order to show cause, the city thereafter moved for summary judgment, declaring that plaintiff was obligated to deliver fuel oil pursuant to a contract awarded on May 25, 1979 and directing specific performance of the contract. Plaintiff cross-moved for summary judgment. Special Term granted the city's motion for summary judgment in all respects, holding that the provision of the standard form of contract permitting the fixing of a shorter period for the withdrawal of a bid than 45 days violated section 105 of the General Municipal Law. We disagree. Section 105 of the General Municipal Law provides in pertinent part as follows: "Not-

withstanding any inconsistent provision of any general, special or local law, whenever as a condition precedent to the reception or consideration of a bid for furnishing supplies, materials, or equipment or performing work for a political subdivision or any officer, board or agency thereof * * * a deposit * * * is required, a person or corporation submitting a bid may withdraw the same if no award of the contract be made within forty-five days after the receipt thereof, and upon such withdrawal such deposit shall be forthwith returned." This section, captioned "Disposition of deposit accompanying bid," quite clearly confers upon bidders required to submit a deposit the right to withdraw the bid and regain the deposit if an award is not made within 45 days. Unquestionably, it would be violated by a contractual provision requiring such a bidder to agree not to withdraw a bid for a period greater than 45 days. (See *Hunkin-Conkey Constr. Co. v City of Dunkirk,* 69 Misc 2d 1042, affd 40 AD2d 749.) However, we see nothing in the statutory language that denies a governmental unit the right to agree with a bidder that a bid may be withdrawn in a shorter period of time. The obvious intent of the section, quite clearly and effectively communicated, was to protect bidders required to submit deposits from being denied the use of their funds for an unduly long period of time. Accordingly, the withdrawal was timely and no enforceable contract was here entered into. In view of this holding, it is unnecessary to consider whether the city would in any event have been estopped from enforcing the claimed contract on the basis of the invalidity of a provision in its own form contract, reportedly in use for some 30 years, on which the plaintiff quite obviously relied in submitting its bids. Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Lupiano, JJ.