■ A. R. FUELS, INC., Appellant, v CITY OF NEW YORK, Respondent. — Appeal from the order, Supreme Court, New York County (Rubin, J.), entered on February 13, 1981, unanimously dismissed as academic, without costs and without disbursements. Order, Supreme Court, New York County (Rubin, J.), entered on January 9, 1981, affirmed, without costs and without disbursements. Concur — Sullivan, Carro, Silverman and Lynch, JJ.

Kupferman, J.P., dissents in a memorandum as follows: This matter has been previously before this court (72 AD2d 517, affd 49 NY2d 749). The plaintiff had submitted bids to furnish fuel oil to the city for a one-year period. It had, as this court and the Court of Appeals determined, the right to withdraw its bid. However, Special Term granted the city's motion for summary judgment, declaring the withdrawal provision in violation of the General Municipal Law, and accordingly, while the matter was being litigated, for some eight months the appellant supplied fuel oil to the city at the contract price, even though the price it had to pay for the oil was higher due to the then oil shortage. The plaintiff-appellant sought summary judgment in the amount of $367,837.33, which it claims to be the difference between the contract price paid by the city and the market price. The appellant attached to its papers a schedule listing dates of delivery, quantity, unit price, amount billed, amount paid, and the net amount due. It contends that the city when it purchased from others during the contract period, would pay "spot" prices, which were substantially higher than the market price. The appellant has supplied the records, pursuant to court order, to show the source of the various oil deliveries. Included in the oil delivered was that allocated by the State of New York in the "set aside program", which could not be sold except to the city. The city argues that there should be a hearing which would include questions of the

cost of the oil to the appellant and the appellant's profit and overhead charges. While such a hearing is awaited, the city retains money otherwise due to the plaintiff-appellant, which it will have to repay with only 3% interest. Because of the oil shortage and the daily quotations of the price of oil, which information is and was available to the city, there is no need for an extended hearing going into details as there might otherwise be for determining the plaintiff-appellant's damage. If there is any specific objection on an item in the schedule supplied by the plaintiff, the city should have so indicated in its motion for summary judgment. A hearing, if any, should be limited to the presentation by the plaintiff of the schedules and the presentation of evidence by the city, with specific objections to specific items. In actuality, this should have been done by the city on the motion by the plaintiff for summary judgment.