■ A. R. FUELS, INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. — Judgment, Supreme Court, New York County (McCabe, J.), entered June 7, 1982, awarding plaintiff the sum of $367,837.33 in restitution, with interest at 3% from November 29, 1979 modified, on the law, without costs or disbursements, to remand for a reassessment of the market price of No. 2D oil, and, except as thus modified, affirmed. We all agree that plaintiff was entitled to restitution measured by the difference between the contract price and the market price, with respect to oil deliveries which it was judicially enjoined to make to the city between August 27, 1979 and February 29, 1980. Of 3,364,893 gallons delivered only 464,550 gallons were paid at market price, as billed. The balance, also billed at market price, was paid at contract price. Ultimately plaintiff was vindicated in its position that it had no contractual obligation to the city since it had timely withdrawn its bid. (A. R. Fuels v City of New York, 72 AD2d 517, affd 49 NY2d 749.) We are unable to find any circumstance in this record which would compel limitation of the restitutionary award, a remedy equitable in nature (Atlantic Coast Line v Florida, 295 US 301, 309), to the 653,787 gallons secured through normal channels, and deny restitution for oil obtained through the New York State Fuel Set-Aside Program (see, generally, US Code, tit 15, § 751 et seq.; tit 42, § 6201 et seq.; New York Energy Law, art 10). The prices that wholesalers pay the major oil companies for set-aside oil was the same as that charged for oil purchased in normal course. If plaintiff was not selling set-aside oil it would have been selling oil from other sources. In either event, in the absence of express contract between the parties, it is entitled to be paid for the actual value of the oil, i.e., market price as of the time of delivery. This the city recognized and conceded when it opposed plaintiff's application for an interim stay of Special Term's judgment directing specific performance, stating: "The plaintiff will not be prejudiced if it performs its obligations under the existing contract at the price set forth in the contract. In the event plaintiff succeeds in its appeal, plaintiff would have an action for damages against the City for the difference between the contract price (which includes an escalation clause to cover increases in the price of fuel oil) and the fair market value of the fuel delivered." In a comprehensive and well-reasoned decision, which considered the legal aspects of the question of restitution, Trial Term analyzed the evidence and properly awarded restitution with respect to No. 2 fuel oil. With respect to No. 2D diesel oil, however, it ignored the unimpeached evidence of Helen Sheridan, who was responsible for the information published in the daily petroleum prices of the Journal of Commerce for "Posted Tank Wagon Delivery — Fuel Oil." In contradiction of the testimony of plaintiff's witness she stated that the tables listed separate prices for No. 2 fuel oil and No. 2D diesel oil, and that the entries reading "Diesel" did, in fact, apply to No. 2D diesel oil. It was error, therefore, for Trial Term to apply No. 2 fuel oil prices to No. 2D diesel oil deliveries. Hence, remand is required for the limited purpose of recomputing the restitution due with respect to No. 2D oil deliveries. Plaintiff cross-appeals from the allowance of only 3% interest, claiming that the provisions of section 3-a of the General Municipal Law governing the "[r]ate of interest on judgments and accrued claims against municipal corporations" are unconstitutional. The same arguments which plaintiff presents were rejected by the Court of Appeals in Acme Bldrs. v County of Nassau (31 NY2d

924). Only this past year this court, citing *Acme Bldrs.,* implicitly rejected these same arguments. (*Najjar Inds. v City of New York,* 87 AD2d 329.) Concur — Sullivan, Ross, Milonas and Kassal, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I dissent only with respect to the dismissal by the majority of plaintiff-respondent's contention that the statutory interest rate of 3% per year[*] is unconstitutional. I would hold that the application of the 3% annual rate, under the circumstances of this case, constitutes a deprivation of property without the requisite "judicially acceptable, fair return for the deprivation of the use of that property or the money equivalent of that use" (see *Matter of County of Nassau [Eveandra Enterprises],* 42 NY2d 849, 850-851). This appeal is the latest round in protracted litigation between the City of New York and a fuel oil distributor over payment for certain fuel oil deliveries made in 1979 and 1980. The plaintiff distributor has obtained a money judgment in the principal amount of $367,837.33 representing the difference between the market price of the fuel oil delivered and the price used by the city in making payment for the deliveries, which price was derived from an alleged contract that has been judicially declared nonexistent. (*A. R. Fuels v City of New York,* 72 AD2d 517, affd 49 NY2d 749.) It became clear at an early stage of this litigation that the city's position with respect to the formation of a contract was unmeritorious. Yet the city persisted in contesting the balance due, all the while retaining the amount owed plaintiff at a claimed annual interest rate of 3%. (See *A. R. Fuels v City of New York,* 83 AD2d 510 [Kupferman, J. P., dissenting]; cf. *Matter of South Bronx Neighborhood Dev. Plan,* 110 Misc 2d 751.) A rate of interest on accrued claims owed by the city that is low in comparison to the city's usual borrowing rate is a temptation to use the supplier as a convenient, if involuntary, banker by the simple practice of deferring the payment of debts owed by the city. (See *Meilink v Unemployment Comm.,* 314 US 564, 567.) In the words of Cardozo, "While the dispute as to value was going on, the defendant had the benefit of the money, and the plaintiff was without it. Interest must be added if we are to make the plaintiff whole". (See *Prager v New Jersey Fid. & Plate Glass Ins. Co. of Newark,* 245 NY 1, 5-6.) Under the circumstances, the 3% annual interest rate not only fails to make the plaintiff whole, it operates as a deprivation of property without just compensation, and it is confiscatory.

* The applicable section of the General Municipal Law, in effect at the relevant time, provided as pertinent: "§ 3-a. Rate of interest on judgments and accrued claims against municipal corporations. 1. Except as provided in subdivisions two [condemnation awards] and four [municipal securities] of this section, the rate of interest to be paid by a municipal corporation upon any judgment or accrued claim against the municipal corporation shall not exceed three per centum per annum". It is noteworthy that the Legislature has since amended the section raising the statutory maximum from 3 to 9%. (L 1982, ch 681.)