OPINION OF THE COURT
Memorandum.
The judgment of the Supreme Court, New York County, appealed from, and the orders of the Appellate Division brought up for review, should be affirmed, with costs.
*750 Appellant, A. R Fuels, Inc., brought this action for restitution in connection with deliveries of No. 2 fuel oil and No. 2D diesel fuel to respondent, the City of New York, pursuant to a judgment that was later reversed by the Appellate Division (72 AD2d 517) in a decision affirmed by this court (49 NY2d 749). This appeal pursuant to CPLR 5601 (subd [d]) brings up for review two prior nonfinal determinations of the Appellate Division, and presents questions concerning the determination of the amount of restitution to be awarded and the rate of interest to be applied. In the first determination brought up for review (83 AD2d 510), the Appellate Division affirmed the denial of appellant’s motion for summary judgment. After trial, in the second determination at issue (93 AD2d 757), the Appellate Division ruled: (1) that Trial Term had erred in determining the market price of the No. 2D diesel fuel delivered (and, accordingly, the amount of restitution due appellant for such deliveries) by reference to posted tank wagon delivery prices for No. 2 fuel oil, rather than to the separate posted prices for diesel fuel; and (2) that Trial Term correctly applied the 3% interest rate provided in section 3-a of the General Municipal Law to the restitution award, and that that statutory interest rate was not an unconstitutional taking of property without just compensation.
Appellant’s motion for summary judgment properly was denied. A material issue of fact as to the use of posted prices to determine the amount of restitution due for deliveries of No. 2D diesel fuel remained for resolution, and was in fact later resolved at trial. With respect to the amount of restitution due appellant, upon reviewing the record we conclude that the Appellate Division’s finding — that the separate posted prices for diesel fuel should be used to determine the market price of that fuel — more nearly comports with the weight of evidence at trial. While appellant complains of the apparent reliance by the Appellate Division on an affidavit submitted after the close of evidence, the one-page affidavit was merely cumulative of the weight of evidence submitted concerning posted prices, and any error concerning its consideration was harmless. (Fowler v International Ry. Co., 217 App Div 537, 540, affd *751 244 NY 592.) Finally, appellant’s contention that the rate of interest provided by section 3-a of the General Municipal Law amounts to an unconstitutional taking of property without just compensation has already been rejected by this court. (See Acme Bldrs. v County of Nassau, 31 NY2d 924, 925.)
There being no error in the orders of the Appellate Division brought up for review, those orders and the final judgment entered by the Supreme Court below should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment appealed from and orders of the Appellate Division brought up for review affirmed, with costs, in a memorandum.