■ THEODORE A. TANNEY et al., Appellants, v LESTER GREAUX et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Miller, J.), entered October 25, 1988, which denied their motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 5, 1985, the defendants Lester and Coretta Greaux entered into a contract to sell their New Rochelle home to the plaintiffs Theodore A. and A. Gina Tanney for the sum of $245,000. The contract of sale was expressly conditioned upon the defendants' ability to obtain a building permit from the New York City Department of Housing Preservation and Development (hereinafter the HPD) which would allow them to renovate and convert their Manhattan brownstone from a Single Room Occupancy (hereinafter SRO) dwelling to a private residence for their personal use. Paragraph 33 of the contract rider provided in relevant part that: "[i]t is fully understood between and agreed by * * * the parties that the closing shall occur within twelve months of the issuance of a building permit by the New York City Department of Housing Preservation and Development * * * [T]he Sellers agree that they will use their best efforts to lawfully obtain as soon as possible the necessary building renovation permit".

At the time the parties entered into the contract of sale in April 1985, the only legal bar to the elimination of SRO units in New York City was the procurement of a certification from the HPD establishing that the building owner seeking the elimination of such units had not harassed his tenants (see, Administrative Code of City of New York former § C26-118.8 [as amended by Local Laws, 1983, No. 19 of City of New York], present § 27-198). On July 1, 1985, in accordance with this requirement, the defendants applied to HPD for the "certification of no harassment", which would ultimately enable them to obtain the renovation permit necessary to convert their brownstone into a private residence. One month later, how-

ever, on August 5, 1985, the City Council enacted Local Laws, 1985, No. 59 of the City of New York, which instituted an 18-month moratorium upon the conversion, alteration, or demolition of all SRO units within the City of New York.

Despite the 18-month moratorium, the defendants continued their efforts to obtain a "certification of no harassment" from the HPD, but before the agency acted upon their application, the City Council enacted Local Laws, 1987, No. 9 of the City of New York, which extended the moratorium for an additional period of five years (see, Administrative Code § 27-198.2). Although the HPD ultimately issued the requested certification, on December 31, 1987, the defendants cancelled their contract with the plaintiffs upon the ground that the enactment of Local Laws, 1987, No. 9 of the City of New York prevented them from obtaining City approval to convert their brownstone to a private residence.

The plaintiffs commenced the instant action for specific performance of the contract of sale, and in March 1988 moved for summary judgment on the ground that the SRO moratorium no longer barred the issuance of a building permit because Local Laws, 1987, No. 9 of the City of New York had been declared unconstitutional by the Supreme Court, New York County, in *Seawall Assocs. v City of New York* (138 Misc 2d 96, *revd* 142 AD2d 72, *revd* 74 NY2d 92, *cert denied* 493 US 976). In the alternative, the plaintiffs urged that even assuming the moratorium was still in effect because an appeal was pending in the *Seawall* case, the contract should "continue in limbo" until the moratorium either terminated or the defendants obtained an exemption from its provisions. The Supreme Court rejected the plaintiffs' arguments, and granted the defendants' cross motion for summary judgment, concluding that they were entitled to cancel the contract because the enactment of the five-year moratorium rendered it impossible for them to obtain a building renovation permit from the HPD within a reasonable period of time. We agree.

Well settled contract principles dictate that, where a contract calls for the performance of an act within a specified time after completion of another act, but is silent as to the time of completion of such other act, a reasonable time is implied for its completion and the beginning of the period for performance of the act which is to follow it (see, *Acreage Estates Co. v Shelley,* 275 App Div 842; *see also, Murphy v Keil,* 71 Misc 2d 844, *affd* 40 AD2d 749). Since the contract at bar provided that closing would take place within one year after the defendants obtained a renovation building permit for

their Manhattan brownstone but set no time limitation for the procurement of such a permit, a reasonable time limit must be implied. Contrary to the plaintiffs' contentions, we find that the enactment of Local Laws, 1987, No. 9 of the City of New York effectively rendered it impossible for the defendants to obtain a renovation building permit within a reasonable period of time (see, Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902; 407 E. 61st Garage v Savoy Fifth Ave. Corp., 23 NY2d 275). While this local law was ultimately declared unconstitutional (see, Seawall Assocs. v City of New York, 74 NY2d 92, revg 142 AD2d 72, supra), in view of the uncertain status of the enactment at the time the defendants cancelled the contract of sale, such cancellation, approximately two and one-half years after execution of the contract, was reasonable under the circumstances (see, City of New York v New York Cent. R. R. Co., 275 NY 287, 292-293; Spagna v Licht, 87 AD2d 626, 627).

Moreover, although building owners who intended to occupy their converted SRO dwellings for "a period of not less than three years after completion" of renovation work were eligible for an exemption from the moratorium (Local Laws, 1987, No. 9 of City of New York; Administrative Code § 27-198.2 [d] [1] [a] [ii]), the defendants were not required, as the plaintiffs urge, to apply for such an exemption. The subject contract obligated the defendants to make good faith efforts to procure a renovation permit in accordance with the applicable law at the time the contract was made, and did not call upon them to use the Manhattan brownstone as their primary residence for three years in order to qualify for an exemption from a moratorium which was subsequently enacted. Nor do we agree, as our dissenting colleagues suggest, that a question of fact on the issue of good faith is raised by the defendants' failure to immediately cancel the contract upon the enactment of the five-year moratorium. While it can perhaps be inferred that the defendants' delay in cancelling the contract indicates that they intended to seek an exemption, the fact remains that the subject contract contained no requirement that they do so. Accordingly, we find that the plaintiffs' conclusory assertions are insufficient to raise a triable issue of fact, and the award of summary judgment was proper (see, Zuckerman v City of New York, 49 NY2d 557, 562). Thompson, Eiber and O'Brien, JJ., concur.

Mangano, P. J., concurs in part and dissents in part, and votes to modify the order appealed from by deleting the provision granting the defendants' cross motion for summary

judgment, and substituting therefor a provision denying the cross motion, and, as so modified, to affirm the order, with the following memorandum with which Ritter, J., joins. The defendants cancelled a contract, executed in April 1985 for the sale of their New Rochelle home, pursuant to a Notice of Cancellation dated December 31, 1987. Specifically, the defendants claimed that the enactment of Local Laws, 1987, No. 9 of the City of New York, prevented them from obtaining a building renovation permit from the City of New York, as required under the contract, to convert their Manhattan brownstone from a Single Room Occupancy (hereinafter SRO) dwelling to a private residence for their personal use.

The majority is of the view that this claim warrants the granting of the defendants' cross motion for summary judgment. I respectfully disagree.

Local Laws, 1987, No. 9 of the City of New York, which was enacted on March 5, 1987, extended a moratorium on the conversion of SRO dwellings for five years. However, this moratorium contained an exemption for those owners of SRO dwellings who intended to occupy the subject premises "as [their] primary residence for a period of not less than three years after completion of such work" (Local Laws, 1987, No. 9 of City of New York, § 2; Administrative Code of City of New York § 27-198.2 [d] [1] [a] [ii]).

The record indicates that the defendants did not cancel the subject contract immediately upon, or even shortly after, enactment of the five-year moratorium. Instead, during the following nine months, the defendants made numerous attempts to obtain a "Certificate of No Harassment" from New York City, which was the sole prerequisite for a conversion; indeed, the defendants were orally advised on December 31, 1987, by the City of New York, that a certificate of no harassment would be issued. From the defendants' conduct, it may be reasonably inferred that, for a substantial period of time, the defendants did not view Local Laws, 1987, No. 9 of the City of New York, as an obstacle to their performance under the contract, and were prepared to qualify for the exemption contained in that local law. Under these circumstances, it is my view that an issue of fact exists on this record concerning the defendants' lack of good faith in cancelling the contract on December 31, 1987. Accordingly, the defendants' cross motion for summary judgment should have been denied.