■ HARLEY GREENFIELD, Appellant and Counterclaim Defendant, v ETTS ENTERPRISES, INC., et al., Respondents, et al., Counterclaim Defendant. JENNIFER HOUSE, INC., Appellant, v ETTS ENTERPRISES, INC., Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered July 24, 1990, which, inter alia, granted defendants' motion for a preliminary injunction and denied plaintiffs' cross-motion for declaratory relief, with leave to renew, unanimously affirmed, with costs to plaintiffs-appellants.

Plaintiffs, alleging that defendants defaulted on various financial reporting requirements imposed by a so-ordered stipulation of settlement, served a notice to cure. As to time to cure, the notice referred to the text of the stipulation, which in turn requires cure "upon demand." Defendants first sought injunctive relief on December 21, 1989.

We agree with the IAS court that the notice to cure does not satisfy the requirement that such notices be unequivocal and unambiguous (Garland v Titan W. Assocs., 147 AD2d 304), in that here no time to cure was specified. Because no time to perform the promise was specified, a reasonable time should be inferred (see, e.g., Tanney v Greaux, 174 AD2d 728), and we

do not find the IAS court abused its discretion in this case by concluding that a time of approximately four and one-half months constitutes a reasonable time under the facts of this case. The plaintiffs' argument that the phrase "upon demand" imposes an unequivocal and unambiguous requirement to cure instantaneously must be rejected as it would place one party at the mercy of the other, a construction which should be avoided. (See, Lowy & Donnath v City of New York, 98 AD2d 42, affd 62 NY2d 746.) Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.